**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Larieto Phillip MONTOYA, Defendant/Appellant.**

**CA No. 84–1004.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1984.

Decided Aug. 7, 1984.

Rodolfo Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff/appellee.

Geoffrey A. Hansen, San Francisco, Cal., for defendant/appellant.

Before HUG, TANG and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

While investigating a disturbance at a campsite on government property, Larieto Montoya struck a U.S. Ranger on the head with his crutch. Montoya was charged with assaulting a federal officer with a dangerous weapon, 18 U.S.C. § 111, and assault with intent to do bodily harm within the maritime and territorial jurisdiction of the United States, 18 U.S.C. § 113(c).

Montoya's defense was that he meant only to knock a can of beer from the hand of a companion who had taken it from him and that he did not intend to strike the ranger. A jury found him guilty of assaulting a federal officer, a lesser included offense within the section 111 charge. He has appealed.

The trial judge, over Montoya's objection, gave the following instruction on transferred intent:

> If defendant intended to assault another person with intent to do bodily harm, but he harms a third person whom he did not intend to harm, the law considers the defendant just as guilty as if he had actually harmed the intended victim.

Montoya argues that the instruction was erroneous because: 1) it expanded the scope of the crime charged in the indictment, prejudicing his defense; and 2) the doctrine of transferred intent does not apply to violations of 18 U.S.C. § 111.

 Count I of the indictment charged Montoya with, among other things, assault-

ing the ranger. The indictment said nothing about intention. Montoya argues that it is "fair and reasonable" to read the indictment as charging him with intending to strike the ranger, and that he justifiably planned his defense on the assumption that the government would have to prove actual intent to strike the ranger. We find that assumption unjustified. While Montoya may have hoped to persuade the court that actual intent should be required under section 111, he was not entitled to assume that the doctrine of transferred intent was inapplicable. For intentional wrongs like murder or assault, transferred intent is the rule, not the exception. Secondary sources agree that intent can be transferred in "bad aim" cases. R. Perkins and R. Boyce, *Criminal Law* 923 (3d ed. 1982); W. La-Fave and A. Scott, *Criminal Law* 252 (1972). The Model Penal Code adopts the doctrine in its section on causation. *See* Model Penal Code § 2.03(2)(a) (1962). Federal courts have applied the doctrine in appropriate cases. *United States v. Sampol,* 636 F.2d 621, 674–75 (D.C.Cir.1980) (murder of former Chilean ambassador and his associate); *United States v. Weddell,* 567 F.2d 767 (8th Cir.1977), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 761 (1978); *Virgin Islands v. Callwood,* 498 F.2d 404 (3d Cir.1974). We reject Montoya's argument that the instruction on transferred intent deprived him of notice of the precise nature of the offense charged. He should have been aware that the doctrine might be applied to his case.

■ While transferred intent is "the rule," it is only a rule of construction. Our task is to determine precisely what conduct Congress meant to punish. Montoya was convicted under 18 U.S.C. § 111, which provides:

> Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.
>
> Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

Congress has also prohibited assaults within the "special maritime and territorial jurisdiction of the United States," providing a maximum penalty of three months or $300 or both for simple assault and higher penalties for certain aggravated assaults. 18 U.S.C. § 113. By contrast, a simple assault against a federal officer is punishable by up to three years or $5000 or both. The statutory scheme shows a clear congressional intent to penalize an assault against a federal officer more severely than a comparable assault which is within federal jurisdiction because it occurs on federal land. If the theory of transferred intent were applied under section 111, an assault not intentionally directed at a federal officer would become subject to the augmented penalties of section 111 merely because the blow happened by chance to strike a federal officer. We do not believe that Congress intended this result.

It is instructive to compare section 111 with an ordinary assault punishable under state law. The elements of assault are, generally speaking, wrongful intent and the causation of bodily injury or reasonable fear of it. The doctrine of transferred intent recognizes that the conjunction of these two elements is sufficient to establish criminal liability for ordinary assault. Under the doctrine, one who means to threaten or inflict bodily injury and does so is culpable regardless of the identity of the victim. Section 111, which severely punishes assaults against federal officers, serves a different purpose from the laws punishing ordinary assault. It makes the identity of the victim crucial. The doctrine of transferred intent has no place in this setting.

We do not ignore *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), which held that a defendant who assaulted an undercover federal agent violated section 111 even though the defendant did not know that his intended victim was a federal officer. The government

argues that *Feola* holds that it is the act and not the intent that controls, but we disagree. Feola intended to assault the officer even though he (Feola) did not know that the victim was a federal agent. Intent was not transferred from one victim to another. *Feola* is not on point.

Because the instruction permitted the jury to find Montoya guilty of violating section 111, with its augmented penalties, even if he did not actually intend to strike the ranger, we

REVERSE.