573 A.2d 1307 (1990)
In the Matter of E.D.P., Jr., Appellant.
No. 89-61.
District of Columbia Court of Appeals.
Submitted April 11, 1990.
Decided May 8, 1990.
Charles A. Moran, Washington, D.C., appointed by the court, was on the brief for appellant.
Herbert O. Reid, Sr., Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Charlotte M. Brookins, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.
Before ROGERS, Chief Judge, NEWMAN, Associate Judge, and KERN, Senior Judge.
ROGERS, Chief Judge:
Appellant E.D.P., Jr., appeals from his adjudication of delinquency for violation of D.C.Code § 22-505(a) (1986) for assault on District of Columbia employees charged with supervising juveniles confined in District of Columbia facilities, on the grounds that the trial judge improperly applied the doctrine of "transferred intent" and that the statute is unconstitutionally vague and overbroad. We affirm.

*1308 I
On June 24, 1988, appellant was confined in the Oak Hill Youth Center in Laurel, Maryland, serving a two-year commitment. On that date, another detainee, W.F., came to appellant's dormitory demanding that a third resident, M.W., come out and fight. The security officer for that dormitory, Mr. Banks, unlocked the door to remove W.F. from the area. M.W. and others pushed past Mr. Banks, and M.W. and W.F. began fighting. Appellant joined the fray. Two other juvenile supervisors, Mr. Ballard and Mr. Jones, joined Mr. Banks in attempting to restore order. During the fray, appellant was swinging at W.F. and hit the three juvenile supervisors. He hit Mr. Banks in the face, Mr. Ballard in the mouth, and kicked Mr. Jones twice.

II
Appellant contends that the trial judge erred in applying the doctrine of transferred intent in finding that each time appellant made physical contact with a juvenile supervisor, he had the criminal intent to cause injury to W.F.
The elements necessary to prove an assault under D.C.Code § 22-505(a)[1] are the elements of assault under D.C.Code § 22-504 (1986), and a showing that the defendant knew or should have known the victim was a District employee charged with the supervision of juveniles. See Petway v. United States, 420 A.2d 1211, 1213 (D.C.1980) (assault on police officer under D.C.Code § 22-505(a)). One of the elements for simple assault is that "at the time the act is committed, the defendant must have the intent to perform the acts which constitute an assault." Williamson v. United States, 445 A.2d 975, 978 (D.C. 1982). Under the doctrine of transferred intent, the trial judge could find that where a person attempts to injure one person (W.F.), but injures another by mistake (the three juvenile supervisors), the intent of the defendant will be transferred from the intended victim (W.F.) to the actual, unintended victim (the three juvenile supervisors). See O'Connor v. United States, 399 A.2d 21, 24 (D.C.1979) (transferred intent in murder case).
Appellant maintains that the trial judge erred in applying the doctrine of transferred intent since the assault statute with which he is charged imposes greater penalties than the regular assault statute, D.C. Code § 22-504. He relies on United States v. Montoya, 739 F.2d 1437, 1438 (9th Cir. 1984) (18 U.S.C. § 111  assault on a federal officer  identity of victim held crucial). However, the evidence was undisputed that appellant was aware of the presence of the three juvenile supervisors and despite that knowledge he swung his arms and legs without caring who he hit. Thus, the trial judge could conclude that in hitting the three juvenile supervisors that his act was not accidental or incidental, but rather a deliberate attempt to remove any impediment to his ability to make contact with W.F.
But even if the trial judge erred in applying the doctrine of transferred intent to the assault charge, the statute under which appellant was charged is written in the disjunctive. Johnson v. United States, 298 A.2d 516, 519 (D.C.1972). The evidence is undisputed that appellant interfered with the three juvenile supervisors as they were attempting to control the fray, and thus violated the statute.

III
Appellant challenges his delinquency adjudication for impeding and interfering on the ground that the statute is unconstitutionally vague because it is unclear *1309 what standard of conduct is required by the statute.[2] In addition, he contends that the statute is overbroad because it infringes on rights of free speech and assembly.
D.C.Code § 22-505(a) can be narrowly construed to apply to physical conduct rather than speech. See Tuck v. United States, 467 A.2d 727, 731-32 (D.C.1983) (court has authority to adopt narrowing construction of a statute); McIntosh v. Washington, 395 A.2d 744, 757 (D.C.1978) (court under obligation to interpret statute to support its constitutionality); Boos v. Barry, 485 U.S. 312, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988) (court has duty to construe statute where possible to avoid constitutional infirmity). As applied to appellant, the statute can be construed to prohibit individuals from physically opposing District juvenile supervisors. This construction is consistent with the plain language of the statute, eliminates free speech and assembly concerns, and sufficiently clarifies the standard of conduct required by the statute. See City of Houston v. Hill, supra note 2, 482 U.S. at 463 n. 11, 107 S.Ct. at 2510 n. 11; Washington Mobilization Committee v. Cullinane, 184 U.S. App.D.C. 215, 224-25, 566 F.2d 107, 116-17 (1977) (disorderly conduct statute, failure to move on, D.C.Code § 22-1121(2), upheld against facial challenge for vagueness and overbreadth). Consequently, appellant's constitutional claim fails.

IV
Appellant's other contentions lack merit. The trial judge properly denied appellant's motion to dismiss the petition for lack of jurisdiction. In re A.S.W., 391 A.2d 1385, 1389-91 (D.C.1978) (jurisdiction of assaults at Oak Hill). The judge did not abuse his discretion in denying appellant's motion to dismiss the petition for social reasons in light of the factual circumstances giving rise to the petition. See Matter of McP, 514 A.2d 446, 448 (D.C.1986); Super.Ct.Juv.R. 48(b) (1989).
Affirmed.
NOTES
[1] § 29-505(a) (1989 Repl.) provides Whoever without justifiable and excusable cause, assaults, resists, opposes, impedes, intimidates, or interferes with any officer or member of any police force operating in the District of Columbia, ... or any officer or employee of the government of the District of Columbia charged with the supervision of juveniles being confined pursuant to law in any facility of the District of Columbia, whether such institution or facility is located within the District of Columbia or elsewhere, while engaged in or on account of his official duties, shall be fined not more than $5,000, or imprisoned not more than 5 years or both.
[2] Appellant relies on Hill v. City of Houston, 764 F.2d 1156 (5th Cir.1985), which was affirmed by the Supreme Court. City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). That case is clearly distinguishable and, hence, appellant's reliance on it is misplaced. In Hill, the statute applied directly to speech and the defendant was arrested because he made a verbal challenge to a police officer during a police investigation. The Court ruled that the parts of the statute that applied to physical conduct were preempted by other state laws, leaving only the part of the statute dealing with speech "in any manner," 482 U.S. at 462, 107 S.Ct. at 2510, and not "core criminal conduct." Hence, the statute was overbroad under the First Amendment and not susceptible to a limiting construction. 482 U.S. at 460 & 465 n. 13, 107 S.Ct. at 2508 & 2511 n. 13.