**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**JUVENILE MALE,
Defendant/Appellant.**

No. 90–30259.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1991.

Decided April 11, 1991.

Steven R. Milch, Donald L. Harris, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for defendant/appellant.

C. Ed Laws, Asst. U.S. Atty., Billings, Mont., for plaintiff/appellee.

Before BROWNING, WRIGHT and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Juvenile Male appeals the district court's judgment of juvenile delinquency pursuant to 18 U.S.C. §§ 5031–5042 based upon the finding that he committed an assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f). We affirm.

## JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## ISSUE

Whether the district court erred in determining that the juvenile committed an assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f).

## STANDARD OF REVIEW

The facts are undisputed and the issue is one of statutory interpretation. Therefore, we review the district court's determination de novo. *See United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989).

## FACTS

On the night of July 21, 1989, the juvenile attended a party with a large group of teenagers. Three of the teenagers robbed him when he left the party. The juvenile returned home, took his father's rifle and one shell and positioned himself along a path he believed his assailants and the rest of his drinking companions would use. The juvenile crouched in the weeds along the

path with the rifle. The night was dark and visibility at the site was poor.

The teenagers were walking in two groups. When a group of silhouettes passed in front of him and continued to his right, the juvenile stood up, held the rifle at waist level, pointed it to the left of the group, shouted that they should not "mess around" with him, and then discharged the rifle. He did not see or hear anyone in the direction that he shot. However, the second group of teenagers was in his line of fire and the victim was shot in the shoulder. Although most of the first group of teenagers either heard the juvenile yell his warning or saw him pointing the gun before he shot, the victim neither heard nor saw the juvenile before she was hit.

It is undisputed that: (1) the juvenile did not intend to shoot the victim, (2) he intended to discharge his rifle, and (3) he intended to scare the first group of teenagers.

## DISCUSSION

The district court found that the juvenile had committed a violation of 18 U.S.C. § 113(f). Section 113 provides:

Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(a) Assault with intent to commit murder, by imprisonment for not more than twenty years.

(b) Assault with intent to commit any felony, except murder or a felony under chapter 109A, by fine of not more than $3,000 or imprisonment for not more than ten years, or both.

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.

(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.

(f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

18 U.S.C. § 113 (1988).

Because "assault" is not defined in the statute, we have construed it to be equivalent to common law assault. *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir.1976). Thus, for the purposes of section 113, we have held that:

"[A]n assault is committed by either [1] a *wilful* attempt to inflict injury upon the person of another, or [2] by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."

*United States v. Jim*, 865 F.2d 211, 213 (9th Cir.) (emphasis in original) (quoting *Dupree*, 544 F.2d at 1051), *cert. denied,* —— U.S. ——, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989).

At common law, proof of a battery would support a conviction for attempted battery, i.e., assault, only when the battery was intentional. *See* W.R. LaFave & A.W. Scott, *Criminal Law* § 80, at 603 n. 4 (1972). However, the term "assault" as used in section 113(f) must be understood to include battery. *See United States v. Knife*, 592 F.2d 472, 482 (8th Cir.1979) (113(d), "assault by striking, beating or wounding," is the equivalent of simple battery); *United States v. Stewart*, 568 F.2d 501, 504 n. 6 (6th Cir.1978) (113(d) is simple battery and not a type of common law assault since it contemplates some form of contact); *United States v. Masel*, 563 F.2d 322, 323 (7th Cir.1977) (analysis of 18 U.S.C. § 351; if statute contemplates that an injury may result from the "assault" it prohibits, Congress intended to include "battery" within the term "assault"), *cert. denied,* 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 523 (1978). Therefore, a battery need not be intentional to constitute a violation of section 113(f).

The district court's holding that the juvenile had committed a battery upon the victim was not error. Intent to injure is not required for the commission of the

offense of battery; criminal negligence or recklessness will suffice. *United States v. Loera,* 923 F.2d 725, 728 (9th Cir.1991); W.R. LaFave & A.W. Scott, *supra,* § 81, at 605. The juvenile's conduct is undisputed. He (1) intended to cause the group of teenagers fear, (2) committed an act in furtherance of that objective, and (3) the teenagers were caused a reasonable apprehension of bodily harm by his act. His conduct in discharging a rifle at waist height into the dark under these circumstances constitutes recklessness as to the risk of injury to them. The injured girl was an unintended victim of the juvenile's recklessness. Under the doctrine of transferred intent, "one who means to threaten or inflict bodily injury and does so is culpable regardless of the identity of the victim." *United States v. Montoya,* 739 F.2d 1437, 1438 (9th Cir. 1984).

AFFIRMED.