**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Maurice SAMPSON, Defendant— Appellant.**

**No. 00–50689.**

**D.C. No. CR–96–00109–GLT–1.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided July 10, 2002.

---

Before LAY,\* CANBY and PAEZ, Circuit Judges.

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**MEMORANDUM \*\***

Maurice Sampson was convicted on three counts of bank robbery, 18 U.S.C. § 2113(a), (d), three counts of carrying or using a firearm during and in relation to the robberies, 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). At sentencing, the district court imposed a 3–level official victim enhancement for assaulting a police officer while in flight from the robbery. U.S. Sentencing Guidelines Manual § 3A1.2(b). Sampson appeals the conviction on the count of carrying or using a firearm during the robbery of one of the banks, California Federal Bank; he contends that there was insufficient evidence. He also appeals the official victim sentencing enhancement. We affirm the conviction but, because we find that there was no assault, we overturn the official victim enhancement and remand for resentencing.

*Sufficiency of the Evidence*

There was sufficient evidence for a jury to find that Sampson carried a gun during the robbery.[1] Sampson confessed to carrying the gun during the robbery of California Federal Bank. He also made a statement to police that could be interpreted by a reasonable trier of fact to mean that he generally carried a gun during bank robberies and another statement that could be interpreted to mean that he generally wore the jacket he was wearing during the California Federal Bank robbery for the purpose of covering his gun. The evidence was sufficient for a jury to

1. We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *United States v. Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir.2000).

find that he carried a gun during the robbery.

*Official Victim Enhancement*

█ We are asked here to determine whether Sampson's actions, as found by the district court, meet the definition of assault, for the purpose of enhancing his sentence under U.S. Sentencing Guidelines Manual § 3A1.2(b).[2]

The official victim enhancement was imposed for assaulting a law enforcement officer during the flight from a robbery. *See* U.S. Sentencing Guidelines Manual § 3A1.2(b). In the application notes for this sentencing enhancement, the committee explained that the enhancement "applies in circumstances tantamount to aggravated assault." *Id.*, cmt. n. 5. Neither the note nor the guideline defines aggravated assault. Elsewhere in the sentencing guidelines, aggravated assault is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." *See* U.S. Sentencing Guidelines Manual § 2A2.2, cmt. n. 1 (parenthetical in original).

The district court explicitly found that Sampson did not intend to injure the police officer, so there was no aggravated assault under the first part of the definition. There was no bodily injury here, nor is there any suggestion that there was an intent to commit another felony. Thus, if

U.S. Sentencing Guidelines Manual § 3A1.2(b) requires an aggravated assault as stated in the application note, the actions and intent of Sampson do not suffice and the imposition of the enhancement was error.

Even if the guideline should be read as requiring only simple assault in the course of flight, the imposition of the enhancement was erroneous. This court has found that assault, under the federal assault statute, 18 U.S.C. § 113, requires either "(1) a wilful attempt to inflict injury upon the person of another, or (2)[ ] a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Juvenile Male*, 930 F.2d 727, 728 (9th Cir.1991), quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976). Sampson's firing the weapon at the police officer does not fulfill the requirements of either prong of the definition of assault.

The district court found that Sampson did not intend to injure the police officer, so there is no assault under the first prong.[3] The police officer testified that he did not see or hear a gunshot and did not know that a shot had been fired until a witness told him later; therefore, Sampson did not cause any apprehension on the part of the police officer and there is no assault under the second prong.

---

2. The interpretation of a sentencing guideline is subject to de novo review. *United States v. Hoskins*, 282 F.3d 772, 777 (9th Cir.2002).

3. In some instances, this court has held that recklessness, rather than an intent to injure, is sufficient. *See United States v. McInnis*, 976 F.2d 1226, 1233–34 (9th Cir.1992). However, this recklessness standard appears to be limited to cases in which there is an actual injury, on the reasoning that, where a

defendant commits a volitional act, he is "presumed to have intended the natural and probable consequences of his act." *Id.; see also Juvenile Male*, 930 F.2d at 728–29 (finding that recklessness is sufficient where there is a completed battery). Here, there were no direct consequences of firing the gun. In addition, the district court explicitly found Sampson did not intend to injure the officer.

Because the factual findings of the district court do not amount to assault on the police officer, it was error to impose the 3–level official victim enhancement. Accordingly, we vacate the sentence and remand for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.