UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan GARCIA–LOPEZ, Defendant—
Appellant.

No. 01–50334.

D.C. No. CR–01–00034–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 29, 2002.

Before REINHARDT, TROTT, and
SILVERMAN, Circuit Judges.

ORDER AND MEMORANDUM**

Juan Garcia–Lopez plead guilty to one count of transporting an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) pursuant to a plea agreement. At sentencing, the district court applied enhancements under three separate provisions of the Sentencing Guidelines. He appeals this sentence.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the district court's application of the Sentencing Guidelines to the facts of a case for an abuse of discretion. *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir.2002). The district court did not abuse its discretion by applying the enhancements and their application did not result in double counting. We affirm.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary. First, Garcia–Lopez argues there was insufficient evidence of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

intent to constitute assault under the official victim enhancement, U.S.S.G. § 3A1.2(b). We have interpreted "assault" to be equivalent to common law assault. *United States v. Juvenile Male,* 930 F.2d 727, 728 (9th Cir.1991). Specifically, we have held that:

> An assault is committed by either [1] a *wilful* attempt to inflict injury upon the person of another, or [2] by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

*Id.* (citation omitted).

▇ In this case, the district court found that Garcia–Lopez did not intend to harm the agents, but that he did intend to swerve his vehicle toward them. The second prong of assault does not require intent to harm another, just a threat to injure that causes reasonable apprehension of harm. Garcia–Lopez's actions constitute assault of the agents under the second prong. The district court did not abuse its discretion in applying the official victim enhancement.

Second, Garcia–Lopez argues that the application of additional enhancements under §§ 3A1.2(b) (official victim) and 3C1.2 (reckless endangerment) results in impermissible double counting. He argues that the application of § 2L1.1(b)(5), a six level enhancement for creating a risk of serious bodily injury, already takes into account all of the dangers created by him during the event.

▇ "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been *fully accounted* for by application of another part of the Guidelines." *United States v. Martin,* 278 F.3d 988, 1004 (9th Cir.2002) (emphasis added) (cita-

tion omitted). We agree with the district court that each enhancement accounted for a different harm created by Garcia–Lopez during the chase—the excessive capacity of the vehicle (risk of serious bodily injury, § 2L1.1(b)(5)), the reckless driving on the interstate (reckless endangerment, § 3C1.2), and the intentional swerving of the vehicle toward the agents (assault of official victim, § 3A1.2(b)). There was no double counting.

Third, Garcia–Lopez argues that the government failed to sufficiently prove the facts necessary to support the enhancements. We disagree. Our review of the record shows that uncontradicted evidence in the record supports the district court's findings.

Fourth, we grant the government's motion to strike Garcia–Lopez's argument that the government breached the plea agreement. This argument was made for the first time in the reply brief. We have held that issues not raised and argued in the opening brief are waived. *United States v. Alexander,* 287 F.3d 811, 817 n. 2 (9th Cir.2002). Because Garcia–Lopez raised the breach of the plea agreement argument for the first time in his reply brief, that argument is waived.

AFFIRMED. MOTION TO STRIKE GRANTED.