**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

vs.

HEDODUYEHPUA HERMAN
THAYER, also known as Heto Thayer,

  Defendant - Appellant.

No. 02-8081
(D.C. No. 01-CR-148-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Hedoduyehpua "Heto" Herman Thayer appeals from

his conviction and sentence. Mr. Thayer's counsel filed a brief pursuant to

Anders v. California, 386 U.S. 738 (1967), and moves for leave to withdraw as

counsel. For the reasons set out below, we grant counsel's motion to withdraw

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and dismiss the appeal.

While at a party at a home on the Wind River Indian Reservation, Mr. Thayer and Cori Enos got into an argument. IV R. 226-27 & 349. Ms. Enos slapped Mr. Thayer, id. at 227-28 & 349-50; her boyfriend, Martin David Duncan, and Mr. Thayer then went outside, id. at 229. Mr. Thayer retrieved a pistol from the trunk of his car and fired, but the shot missed Mr. Duncan. Id. at 233-34. Thereafter, Mr. Thayer and Mr. Duncan got into a fight, with others attempting to wrest the gun away from Mr. Thayer. Id. at 235. During this struggle, Mr. Duncan was shot. Id. Mr. Thayer maintains that he acted in self-defense: the first shot was a warning shot, and the second was in response to being attacked by a crowd.

On November 28, 2001, Mr. Thayer was charged in a four-count indictment with assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153 based upon the first shot (Count One); assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153 based upon the second shot (Count Two); use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three); and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Four). I R. Doc. 1.

On May 24, 2002, a jury found Mr. Thayer guilty of a lesser included

offense of Count One, aggravated assault by threatening to use a drawn deadly weapon on another, in violation of 18 U.S.C. § 1153 and Wyo. Stat. Ann. § 6-2-502(a)(iii); guilty of Count Two; guilty of a lesser included offense of Count Three, brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and not guilty on Count Four. II R. Doc. 72. He was sentenced to 34 months imprisonment on Counts One and Two, and seven years on Count Three. Id. Doc. 82. Count three runs consecutive to the concurrent sentences on Counts One and Two, to be followed by three years supervised release, concurrent on all counts. Id.

Anders holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal, and the defendant must be given the opportunity to raise any additional points. Id.

In the Anders brief filed by appellate counsel, and in Mr. Thayer's response brief, the following errors are raised: (1) the trial court failed to give Mr. Thayer's instruction on his theory of the case; (2) the jury's questions regarding the instructions were not properly addressed; (3) the jury instructions were confusing, which in turn caused the jury to reach an inconsistent verdict; (4) the trial court failed to give a lesser included instruction under Count One for

reckless endangerment, Wyo. Stat. § 6-2-504; and (5) Defendant had ineffective assistance of appellate and trial counsel.

We have fully examined the proceedings as required by <u>Anders</u> and conclude that the appeal is without merit. First, we find that the trial court adequately instructed the jury as to Defendant's theory of self-defense. II R. Doc. 74, Instr. Nos. 56-57. A defendant's "theory of defense" instructions may be rejected properly when those instructions are essentially summaries of the evidence in the light most favorable to the defense. <u>United States v. Grissom</u>, 44 F.3d 1507, 1513 (10th Cir. 1995).

Second, we find no error in the trial court's instructing the jury, in response to a jury question, that under Count Two of the indictment, it was not necessary for the jury to find Defendant intended to assault a particular individual. VII R. 803. <u>See</u> <u>United States v. Benally</u>, 146 F.3d 1232, 1237 (10th Cir. 1998) (specific intent is not required for § 113(a)(6)); <u>United States v. Juvenile Male</u>, 930 F.2d 727, 727-28 (9th Cir. 1991). Moreover, the jury's second question (about self-defense and Count Two) was withdrawn when the jury advised the trial court that they had found the answer. VII R. 804.

Third, we do not find the jury's verdict to be inconsistent. Mr. Thayer's alleged inconsistency is the fact that the jury acquitted him of Count Three (discharge of a firearm during a crime of violence), finding him guilty of the

lesser included offense of brandishing a firearm during a crime of violence, while also convicting him for two counts of assault.  When the trial court instructed the jury regarding Count Three, however, the court stated that the underlying "crime of violence" upon which they based their verdict could be either the offense in Count One (based on the first shot fired, which did not hit anyone), or the offense in Count Two (based on the second shot fired into the victim's chest), or both.  II R. Doc. 74, Instr. No. 45.  Therefore, the finding of brandishing in Count Three is entirely consistent with the jury's verdict in Count One, threatening to use a drawn deadly weapon on another.  Moreover, even if the jury's verdict were inconsistent, "[c]onsistency in the verdict is not necessary.  Each count in an indictment is regarded as if it was a separate indictment." Dunn v. United States, 284 U.S. 390, 393 (1932); United States v. Galbraith, 20 F.3d 1054, 1057 (10th Cir. 1994).

Fourth, we do not agree with Mr. Thayer that reckless endangerment, Wyo. Stat. Ann. § 6-2-504, is a lesser included offense to assault with a dangerous weapon with intent to do bodily harm, 18 U.S.C. §§ 113(a)(3) & 1153. It is settled law that "[w]here the lesser offense requires an element not required for the greater offense," a defendant is not entitled to a lesser included offense instruction.  Schmuck v. United States, 489 U.S. 705, 716 (1989).  Recklessness is not a required element of assault with a dangerous weapon, and therefore the

elements of reckless endangerment are not a "subset" of assault with a dangerous weapon.  Id.

Finally, as for Mr. Thayer's claims of ineffective assistance of counsel, we have held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  We therefore decline to review the ineffective assistance claims here.

DISMISSED.  Counsel's request to withdraw is GRANTED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge