**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Alberto FORNES–ESPINOZA,
Defendant–Appellant.**

**No. 06–30179.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed July 16, 2007.

Frank Noonan, Esq., Stephen F. Peifer, Esq., USPO–Office of the U.S. Attorney,

Mark O. Hatfield, U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Kendra M. Matthews, Esq., Ransom & Blackmon, LLP, Portland, OR, for Defendant–Appellant.

Carlos Alberto Fornes–Espinoza, USPV–U.S. Penitentiary, Adelanto, CA, pro se.

Before: GOODWIN, REINHARDT, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Carlos Alberto Fornes–Espinoza, a federal prisoner, kicked correctional officer John Richey during a prison melee and was convicted by jury trial of one count of assault on a federal officer. 18 U.S.C. §§ 111(a)(1), 1114. We reverse the conviction because the district court erroneously gave the jury a transferred intent instruction.

18 U.S.C. § 111 subjects to criminal liability anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [any federal officer] while engaged in or on account of the performance of official duties." A defendant violates § 111 only if he intended to assault a person who is a federal officer; there is no violation if he intended to assault a third party but hit a federal officer by accident or honest mistake. *United States v. Montoya*, 739 F.2d 1437 (9th Cir.1984). The government need not prove that the defendant had knowledge of the victim's official status, but the government must prove

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that the defendant intended to assault the person who was actually assaulted. *Id.* at 1438. In *Montoya*, the defendant struck a United States ranger with a crutch, and explained that "he meant only to knock a can of beer from the hand of a companion who had taken it from him and that he did not intend to strike the ranger." *Id.* at 1437. The district court gave a transferred intent instruction, which permitted the jury to find the defendant guilty even if he intended to strike the companion rather than the ranger. *Id.* We reversed, holding that "the doctrine of transferred intent has no place" in § 111. *Id.* at 1438. To obtain a conviction, the government had to prove beyond a reasonable doubt that the defendant intended to strike the person who was actually hit. *Id.* at 1438–39.

Like the defendant in *Montoya*, Fornes–Espinoza maintains that he struck the federal officer inadvertently. Fornes–Espinoza testified that he intended to kick inmate Carlos Solano, but the kick struck officer Richey by accident. Initially, the district court correctly instructed the jury that the government must prove "[t]he defendant intentionally and forcibly assaulted senior correctional officer John Gordon Richey." However, when the jury sought clarification of the meaning of the term "intentionally," the district court instructed that "[a]ll the statute requires is an intent to assault, not an intent to assault a federal officer." That amounted to a transferred intent instruction forbidden under *Montoya*. The jury could easily have interpreted the supplemental instruction to mean that, even if Fornes–Espinoza intended to kick Solano and not Richey, Fornes–Espinoza was still guilty because he had the intent to assault.

The language in the supplemental instruction was taken from *United States v. Feola*, 420 U.S. 671, 684, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), but that does not help the government. In *Feola*, the defendants assaulted undercover federal officers without knowledge of the victims' official status. *Id.* at 674–75, 95 S.Ct. 1255. The Supreme Court's statement that the statute required only an intent to assault was made in response to the defendants' assertion that they were unaware of the officers' official identity, even if they did intend to assault the persons actually assaulted. Here, in contrast, Fornes–Espinoza never claimed to be unaware of Richey's official status. That would have been a hard sell, given that Richey wore an official uniform. Instead, Fornes–Espinoza's sole defense was that he intended to kick Solano rather than Richey. If believed by the jury, that would be a defense under *Montoya*, but the supplemental instruction gave jurors the impression that they had to convict even if they believed Fornes–Espinoza intended to kick only Solano. Because the erroneous instruction was not "harmless beyond a reasonable doubt," *United States v. Romo–Romo*, 246 F.3d 1272, 1274 (9th Cir.2001), we reverse the conviction and remand the case for further proceedings.

**REVERSED AND REMANDED.**