**UNITED STATES of America, Appellee,**

v.

**Alan Gregory MARTIN, Appellant.**

**No. 1040, Docket 76–1089.**

United States Court of Appeals,
Second Circuit.

Argued May 17, 1976.

Decided June 8, 1976.

Michael A. Young, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

Lawrence Iason, New York City (Robert B. Fiske, Jr., U. S. Atty., S.D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before OAKES and VAN GRAAFEILAND, Circuit Judges and JUDD, District Judge.*

PER CURIAM:

Appellant was convicted after a non-jury trial before a United States magistrate of a violation of 18 U.S.C. § 113(d), "assault by striking, beating or wounding". This is an appeal from the affirmance of such conviction by the District Court.

Appellant was accosted by two security officers in a ward of the Castle Point Veterans Administration Hospital following a report that he had been seen brandishing an open knife. When asked whether he was carrying a weapon, appellant replied, "That is for you to find out. Come and get me." He was therefore ordered to position himself against the wall so that he could be frisked. While frisking was being attempted, appellant swung away from the wall and, in so doing, struck one of the officers with his arm. A scuffle ensued, during which appellant was subdued and handcuffed. He was then arrested for assault.

Appellant contends that intent to cause injury is a necessary element of the crime described in § 113(d) and that because the magistrate found an intent to strike and to scuffle but made no finding concerning intent to injure, his conviction must be overturned. We disagree. In defining the various types of assault punishable under 18 U.S.C. § 113, Congress provided that in some instances there must be a showing of specific intent. Subdivision (a) requires "intent to commit murder or rape"; subdivision (b), "intent to commit any felony except murder or rape", and subdivision (c), "intent to do bodily harm". Subdivisions

---

* Of the Eastern District of New York, sitting by designation.

(d) and (e), on the other hand, contain no similar provisions. The contrast between the former and the latter subdivisions is obvious and, we think, was clearly intended. The magistrate was therefore correct in refusing to read into subdivision (d) the requirement of intent to do bodily harm. *Cf. Parker v. United States*, 123 U.S.App. D.C. 343, 359 F.2d 1009, 1012 (1966).

The judgment of conviction is affirmed.