UNITED STATES of America, Plaintiff–Appellee,

v.

Glenn GAN and Steven Yip, Defendants–Appellants.

Nos. 400, 401, Dockets 80–1303, 80–1323.

United States Court of Appeals, Second Circuit.

Argued Oct. 30, 1980.

Decided Dec. 9, 1980.

01:00**29**

01:00Barry C. Scheck, New York City (Robynn L. Abrams, Student Legal Assistant, New York City, of counsel), for defendant–appellant Gan.

David Seth Michaels, New York City (The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for defendant–appellant Yip.

Peter D. Sudler, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S.D.N.Y., Mark F. Pomerantz, Asst. U. S. Atty., New York City, of counsel), for plaintiff–appellee.

Before FRIENDLY, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Steven Yip and Glenn Gan appeal from judgments of the District Court for the Southern District of New York entered on July 15, 1980, by Judge Robert J. Ward after a jury trial, convicting them of conspiring in violation of 18 U.S.C. § 371 to assault a foreign official, Soviet Ambassador Oleg Troyanovsky, and an internationally protected person, U. S. Ambassador William vanden Heuvel, and assaulting them in violation of 18 U.S.C. § 112(a).[1] The convictions arose out of their intentionally throwing containers of red paint on the two ambassadors at a U. N. Security Council meeting on April 30, 1980.

Appellants claim that the trial judge erred in failing to instruct the jury that it must find that they injured or intended to injure the two ambassadors before it could find them guilty of violating § 112(a). We disagree. Neither the plain language of § 112(a) nor judicial construction of similar assault statutes requires proof of injury or intent to injure. Section 112(a) does not refer to injury or intent to injure. The intentionally violent striking of a protected official, which is what concededly occurred here, is proscribed by the statute, regardless

---

1. "§ 112. Protection of foreign officials, officials guests, and internationally protected persons

"(a) Whoever assaults, strikes, wounds, imprisons, or offers violence to a foreign official, official guest, or internationally protected person or makes any other violent attack upon the person or liberty of such person, or, if likely to endanger his person or liberty, makes a violent attack upon his official premises, private accommodation, or means of transport or attempts to commit any of the foregoing shall be fined not more than $5,000 or imprisoned not more than three years, or both."

of intent to injure. Such conduct amounts to an assault, striking or offer of violence within the meaning of § 112(a). Similar statutes have been so construed, such as 18 U.S.C. § 113(d)[2] in *United States v. Martin*, 536 F.2d 535 (2d Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 167, 50 L.Ed.2d 141 (1976), and 18 U.S.C. § 351(e)[3] in *United States v. Masel*, 563 F.2d 322 (7th Cir. 1977), *cert. denied*, 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 523 (1978). When Congress wanted to require proof of injury or intent to injure, it knew how to do so, as is evidenced by its express inclusion of such requirements in 18 U.S.C. § 113(c).[4]

■ Nor is the interpretation of § 112(a) urged by appellants supported by their reference to § 112(b),[5] which punishes nonviolent acts such as threats, intimidation, abusive language or harassment. The distinction between § 112(a) and § 112(b) lies in whether the act was violent, not in whether it was intended to injure. Section 112(a) punishes violent conduct only. Here the acts were clearly violent. In the absence of any issue as to the violent nature of appellant's conduct, the trial judge was not required to instruct the jury that it might find the defendants guilty of the lesser–included crime proscribed by 18 U.S.C. § 112(b). *See Sansone v. United States*, 380 U.S. 343, 353, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965).

**2.** 18 U.S.C. § 113(d) provides as follows:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

\* \* \* \* \* \*

"(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both."

**3.** 18 U.S.C. § 351 provides in pertinent part:

"*§ 351. Congressional assassination, kidnaping, and assault; penalties*

"(a) Whoever kills any individual who is a Member of Congress or a Member–of–Congress–elect shall be punished as provided by sections 1111 and 1112 of this title.

\* \* \* \* \* \*

"(e) Whoever assaults any person designated in subsection (a) of this section shall be fined not more than $5,000, or imprisoned not more than one year, or both; and if personal injury results, shall be fined not more than $10,000, or

We find no merit in appellants' pro se (not raised by the Legal Aid Society/Federal Defender Services Unit) that Judge Ward was biased or unfair.

The judgments of conviction are affirmed.

imprisoned for not more than ten years, or both."

**4.** 18 U.S.C. § 113 provides in pertinent part:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

\* \* \* \* \* \*

"(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both."

**5.** 18 U.S.C. § 112(b) provides in pertinent part:

"(b) Whoever willfully–

(1) intimidates, coerces, threatens, or harasses a foreign official or an official guest or obstructs a foreign official in the performance of his duties; . . . .

\* \* \* \* \* \*

shall be fined not more than $500 or imprisoned not more than six months, or both."