15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqualine BROWN, Defendant-Appellant.
 No. 92-30495.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 22, 1993.
 
 Before: WRIGHT, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Jacqualine Brown was convicted of assault by striking, in violation of 18 U.S.C. Sec. 113(d), for striking and biting a military police officer who was attempting to arrest her. She appeals her conviction on three grounds: (1) the trial court misapplied the law by not expressly finding that she intentionally struck and bit the officer; (2) there was insufficient evidence to find beyond a reasonable doubt that she struck and bit the officer; (3) she was denied her statutory right to trial by jury. We find no reversible error and affirm.
 
 
 3
 On April 13, 1992, Fort Lewis Police Officers and Military Police Officers responded to the military residential quarters of Sergeant William Brown and his wife Jacqualine Brown. They were informed by the Browns that Sergeant Brown had shot himself in the head. Sergeant Brown was taken to a nearby hospital.
 
 
 4
 That same morning, military police returned to the Brown residence with telephonic authorization to search the residence. The military police announced to Mrs. Brown their intention to search the residence for Sergeant Brown's missing gun, and asked her to submit to a powder residue test in order to determine whether she was the one who fired the gun. Mrs. Brown would not submit to the test, and continued to walk around the residence and "touch things" during the search. She ignored repeated warnings from the military police that if she did not stop interfering with the search she would be arrested. By various accounts, Mrs. Brown was "belligerent" and "hysterical."
 
 
 5
 After Mrs. Brown had walked up the stairs numerous times and refused to stop interfering with the upstairs search, Sergeant Amy Campbell, a military police officer, decided to place her under arrest. During the attempted arrest, Mrs. Brown became combative and began flailing her arms, forcing Sergeant Campbell and one other arresting officer into a bookshelf. One of the arresting officers, Specialist Daryl Douglas, placed Mrs. Brown in a "hair hold" and ordered her to the ground. Once Mrs. Brown was on the ground, she hid her arms under her body. While attempting to grab her arm, Sergeant Campbell was bitten by Mrs. Brown.
 
 
 6
 On April 27, 1992, Mrs. Brown was charged with assault by striking in violation of 18 U.S.C. Sec. 113(d). On June 5, 1992, Mrs. Brown filed a motion requesting a jury trial. This motion was denied. A trial before Magistrate Judge David E. Wilson was held on July 25, 1992. Mrs. Brown was found guilty and sentenced to a fine of $50.00. The conviction was appealed to the district court and was affirmed.
 
 I. Standards of Review
 
 7
 There is sufficient evidence to support a conviction at a bench trial if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990).
 
 
 8
 Questions of law, as well as mixed questions of law and fact, are reviewed de novo. Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19 (1982); Boone v. United States, 944 F.2d 1489, 1492 (9th Cir.1991).
 
 
 9
 II. The Elements of Assault under 18 U.S.C. Sec. 113(d)
 
 
 10
 Brown claims that the district court misstated the elements of the offense by not explicitly finding that she intentionally bit Officer Campbell. The government responds that the factual finding regarding intent was implicit in the district court's holding that Brown bit Campbell. We agree.
 
 
 11
 Under 18 U.S.C. Sec. 113(d), it is unlawful to assault another by "striking, beating or wounding." An "intent to strike and to scuffle" is sufficient to sustain a conviction under Sec. 113(d); a specific intent to injure is not required. United States v. Martin, 536 F.2d 535, 536 (2d Cir.), cert. denied, 429 U.S. 862 (1976); see also United States v. Juvenile Male, 930 F.2d 727 (9th Cir.1991) (criminal negligence or recklessness sufficient to sustain conviction for assault resulting in serious bodily injury under 18 U.S.C. Sec. 118(f)); United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991) (showing of specific intent not required for offense of assaulting a federal officer under 18 U.S.C. Sec. 111). The law presumes that a person intends the natural consequences of her acts. United States v. Loera, 923 F.2d 725, 728 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991); United States v. Unruh, 855 F.2d 1363, 1373 (9th Cir.1987), cert. denied, 488 U.S. 974 (1988).
 
 
 12
 A volitional act on the part of the defendant is all that is necessary to show general intent:
 
 
 13
 A voluntary act is one in which the individual has the ability to choose his course of conduct. "The only question is whether the person could have refrained from doing it, or whether he was controlled by some irresistible power. If he could have refrained, the act is voluntary; but, if he was impelled by some irresistible force, it is involuntary."
 
 
 14
 United States v. Loera, 923 F.2d at 728 (quoting W. Clark, Clark's Criminal Law 38 (1894)).
 
 
 15
 Judge Wilson found the four government witnesses' testimony that Mrs. Brown struck and bit Sergeant Campbell to be credible. This finding is sufficient to sustain Mrs. Brown's conviction for assault absent evidence presented by the defendant to rebut the presumption that Mrs. Brown acted voluntarily. Cf. Hartford v. United States, 362 F.2d 63 (9th Cir.), cert. denied, 385 U.S. 883 (1966) (in the absence of substantial evidence to the contrary, every person is presumed to be sane).
 
 
 16
 However, Mrs. Brown argues that her mental state--the fact that she was extremely distraught over her husband's attempted suicide, "hysterical and uncomprehending of what was happening" during her arrest--negates the mens rea required of assault, i.e., she did not act voluntarily. Although neither the defendant nor Judge Wilson specifically labelled this argument, it is clear that the defendant is arguing diminished capacity. United States v. Erskine, 588 F.2d 721, 722 (9th Cir.1978). The government's argument about the burden of proof required to prove insanity is not on point. Diminished capacity is not an affirmative defense, but "is directly concerned with whether the defendant possessed the ability to attain the culpable state of mind which defines the crime." United States v. Twine, 853 F.2d 676, 678 (9th Cir.1988).
 
 
 17
 We have held that if a defendant can show that she suffered from a mental or physiological condition which blocked formation of the specific intent required of an offense, an essential element of the crime will be negated. Erskine, 588 F.2d at 722; Twine, 853 F.2d at 678-681 (Insanity Defense Reform Act of 1985 did not abolish diminished capacity defense). In Twine, we entered into a detailed analysis of whether proof of specific intent was required for the charged offense, "as diminished capacity, like voluntary intoxication, generally is only a defense when specific intent is at issue." Twine, 853 F.2d at 679 (citing United States v. Brawner, 471 F.2d 969, 998-1002 (D.C.Cir.1972)).
 
 
 18
 Under Twine, the defense of diminished capacity is unavailable to Brown, as 18 U.S.C. Sec. 113(d) is a general intent crime. Even if such a defense were available, the fact that Brown did not suffer from diminished capacity is "reasonably supported by the record," and the judge's ruling is correct. Twine, 853 F.2d at 681 (citing United States v. Most, 789 F.2d 1411, 1417 (9th Cir.1986)). Brown presented a number of lay witnesses who testified that she was extremely upset after her husband's attempted suicide and that she was under medication at that time. However, Brown did not present any expert witnesses, such as the physician who previously had written her a prescription for valium, to testify regarding her diminished capacity or any other mental defect.
 
 
 19
 Although the judge did not talk explicitly in terms of a diminished capacity defense, he did conclude that the strain Mrs. Brown was under did not rise to a level that would have excused her from the assault charge. We hold that this finding, combined with the finding that Mrs. Brown struck and bit Sergeant Campbell, are enough to sustain a guilty verdict under 18 U.S.C. Sec. 113(d). United States v. Martin, 536 F.2d 535, 536 (2d Cir.1976).
 
 III. Sufficiency of the Evidence
 
 20
 Sufficient evidence was presented for Judge Wilson to find beyond a reasonable doubt that Brown struck and bit Officer Campbell while scuffling with the Military Police. Three military personnel in addition to Sergeant Amy Campbell--Captain John Wholean, Sergeant Hilario Fuentes, and Specialist Daryl Douglas--testified that Brown had been obstructing the search pursuant to a lawful warrant and that she resisted the decision by Sergeant Campbell to apprehend her. They testified that Mrs. Brown resisted first by flailing her arms while standing in a crowded living room, pushing Officers Fuentes and Campbell against a bookshelf, and then by hiding her arms underneath her face once the military police decided to take control of her by forcing her down to the floor. Sergeant Campbell testified that Mrs. Brown bit her as she was attempting to grab Brown's arm in order to handcuff her. The three other military police witnesses testified that during the arrest Campbell exclaimed that she had been bitten.
 
 
 21
 Judge Wilson found the police officers' testimony that Mrs. Brown struck and bit Sergeant Campbell to be credible. As discussed supra, a finding beyond a reasonable doubt of a general intent by Mrs. Brown to strike or wound Sergeant Campbell is sufficient to sustain a conviction under 18 U.S.C. Sec. 113(d). Martin, 536 F.2d at 536; Juvenile Male, 930 F.2d at 728-729. The judge did not specify the level of intent found by the court to have been possessed by Mrs. Brown at the time of the incident. Nevertheless, we can find nothing in the record indicating that the judge's holding that Mrs. Brown assaulted Sergeant Campbell is irrational, taking the evidence in the light most favorable to the government. United States v. Bishop, 959 F.2d at 829.
 
 
 22
 IV. Denial of Brown's Motion for a Jury Trial
 
 
 23
 As both Mrs. Brown and the government point out, offenses for which the maximum period of incarceration is six months or less are presumptively "petty," excluded from the jury trial requirement of the Sixth Amendment. United States v. Nachtigal, --- U.S. ----, 113 S.Ct. 1072, 1073 (1993); Blanton v. City of North Las Vegas, 489 U.S. 538, 542 (1989). This presumption may be overcome if the additional penalties "are so severe that the legislature clearly determined that the offense was a 'serious' one." Nachtigal, 113 S.Ct. at 1073. However, the Supreme Court has held that the possibility of six months incarceration combined with a fine of $1,000 for a driving under the influence of alcohol conviction does not rebut this presumption. Blanton, 489 U.S. at 543. Section 113(d) clearly falls within Blanton, as it has a maximum penalty of not more than six months imprisonment and a fine of not more than $500. 18 U.S.C. Sec. 113(d); Blanton, 489 U.S. at 542.
 
 
 24
 Nevertheless, Mrs. Brown argues that the right to a jury trial in her case is required pursuant to Federal Rule of Criminal Procedure 58. Rule 58 governs the procedure in cases involving "misdemeanors and other petty offenses." Fed.R.Crim.P. 58(a)(1). Rule 58(b)(2)(F) requires the court to inform the defendant at her initial appearance of her right to trial by jury before either a magistrate or a judge of the district court, "unless the charge is a petty offense."
 
 
 25
 The term "petty offense" is not expressly defined in Rule 58. Mrs. Brown looks to Rule 58(a)(3) for the definition, which defines "petty offense for which no sentence of imprisonment will be imposed" as "any petty offenses as defined in 18 U.S.C. Sec. 19 as to which the court determines, that, in the event of conviction, no sentence of imprisonment will actually be imposed." The judge did not advise Mrs. Brown at her initial appearance that no sentence would actually be imposed and therefore, Mrs. Brown argues, her sentence falls outside of the definition of "petty offense" under Rule 58. However, this argument completely ignores the fact that Rule 58 uses two different terms of art--"petty offense" and "petty offense for which no sentence of imprisonment will be imposed"--and that by the plain wording of the rule, the judge need not advise her of the right to trial if the charge, as here, is a "petty offense."
 
 
 26
 The government argues that this Court should look to 18 U.S.C. Sec. 19 for the definition of "petty offense." Section 19 defines "petty offense," in the case of an individual, as having a maximum penalty of six months incarceration and a $5,000 fine. 18 U.S.C. Secs. 19, 3571(b)(6)-(7). Although "petty offense" is nowhere defined in the text of Rule 58, the 1990 Advisory Committee Notes to Rule 58 do cite approvingly to 18 U.S.C. Sec. 19. We agree with the government that 18 U.S.C. Sec. 19 offers the more logical definition of "petty offense."
 
 
 27
 The statute under which Mrs. Brown was convicted, 18 U.S.C. Sec. 113(d), is a petty offense under both the definition provided in 18 U.S.C. Sec. 19 and the Supreme Court's decision in Blanton. We hold that the trial court did not err in denying Jacqualine Brown's motion for a jury trial.
 
 
 28
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3