08-0641-cr
*United States v. Delis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

Argued: November 21, 2008                    Decided: March 5, 2009

Docket No. 08-0641-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-

PIERRE DELIS,

*Defendant-Appellant*.

_____

Before:        McLAUGHLIN, CALABRESI, LIVINGSTON, *Circuit Judges*.

Defendant-Appellant Pierre Delis appeals from a decision of the United States District Court

for the Eastern District of New York (Cogan, *J.*) affirming a judgment of conviction for simple

assault in violation of 18 U.S.C. § 113(a)(5) as made applicable to the special aircraft jurisdiction

of the United States by 49 U.S.C. § 46506(1) entered by a Magistrate Judge following a bench trial.

Delis contends principally that the District Court erred in concluding that an offensive touching

constitutes simple assault even in the absence of any specific intent of the perpetrator to injure the

victim of the crime.

Affirmed and remanded.

SYLVIA SHWEDER (Susan Corkery and Carolyn Pokorny, Assistant United States Attorneys, *of counsel*), *for* Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Appellee*.

YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

LIVINGSTON, *Circuit Judge*:

Defendant-Appellant Pierre Delis appeals from a February 1, 2008 decision of the United States District Court for the Eastern District of New York (Cogan, *J.*) affirming the July 12, 2007 judgment of conviction for simple assault in violation of 18 U.S.C. § 113(a)(5) and the associated sentence of time served plus a $10 fine entered after a bench trial before Magistrate Judge Joan M. Azrack. This appeal raises the question of whether simple assault, as criminalized by 18 U.S.C. § 113(a)(5), includes an offensive touching in the absence of any specific intent by the perpetrator to inflict injury upon the victim of the crime. Because we conclude that "simple assault," as used in § 113(a)(5), incorporates both of the common-law crimes of assault and battery, we hold that an offensive touching does constitute simple assault regardless whether the perpetrator possessed any specific intent to injure.

**BACKGROUND**

On September 24, 2006, Delis was a passenger aboard American Airlines Flight 65 from Zurich, Switzerland, to John F. Kennedy Airport in New York City. While on the flight, he became involved in a loud and angry altercation with flight attendant Louisa Williams-Beauvil, during the course of which it is undisputed that Delis, at the least, pushed the flight attendant's hand away from his face. When the flight landed in New York City, Delis was arrested. A complaint was initially

filed charging Delis with assaulting a flight crew member in violation of 49 U.S.C. § 46504. Subsequently, the Government filed a misdemeanor information charging Delis with simple assault in violation of 18 U.S.C. § 113(a)(5) as made applicable to the special aircraft jurisdiction of the United States by 49 U.S.C. § 46506(1).

On March 7, 2007, a bench trial regarding this charge was conducted before Magistrate Judge Azrack. At trial, several witnesses, including both Delis and Williams-Beauvil, gave varying accounts of the confrontation that nevertheless concurred in major respects. Approximately ninety minutes into the flight, Williams-Beauvil began to distribute meals to the passengers. Each passenger was given an option of chicken or beef. While some passengers, including Delis, were still waiting for meals, the flight crew ran out of chicken. After Williams-Beauvil informed Delis that no chicken remained, they began a discussion that quickly escalated into a loud argument.

Williams-Beauvil testified that Delis shouted obscenities and then struck her. She indicated that the blow landed "just under her left breast." App. 32. After being struck, she instinctively grabbed Delis's chin and he then pushed her hand away. Nestor Quecuty, another flight attendant, testified that he approached the pair when he heard screaming and that, at the time he arrived, Williams-Beauvil and Delis were arguing about whether Delis had called Williams-Beauvil an offensive epithet. From the aisle behind Delis's seat, Quecuty observed Williams-Beauvil place her finger about ten inches from Delis's face. Quecuty then saw Delis, "with his right arm and [an] open hand, [take] a swing at" Williams-Beauvil, making contact with her arm. *Id.* 104**.**

Yet another witness, a passenger, testified that he observed Delis object when he learned that Williams-Beauvil had no more chicken. An argument ensued and grew louder. The passenger eventually observed Delis "push[] [Williams-Beauvil] backwards." *Id.* 121.

3

Delis did not dispute that he had an argument with Williams-Beauvil about the in-flight meal choice. Rather, he claimed that Williams-Beauvil pointed her finger at him and that he simply pushed her hand away from his face. Immediately thereafter, he was restrained by another member of the flight crew. Delis further asserted that he remained calm throughout the remainder of the flight.

Following the completion of testimony, the Government and Delis's counsel delivered their summations. Delis's counsel contended during his summation that Delis's actions, as described by the majority of the testifying witnesses, were "consistent with an intent to get [Williams-Beauvil's] arm out of his face and not an attempt to injur[e] or cause harm, which is a requirement for assault." *Id.* 187. The Magistrate Judge responded that "an offensive contact" is a proper predicate for a simple assault, asserting further that she "d[id] not believe that simple assault requires an intent to inflict injury" and that, in this case, "[t]here [was] an intent – an intent to engage in an offensive touching." *Id.* 187-88, 193. Thereafter, the Magistrate Judge found Delis guilty of simple assault, noting that "the Government's proof satisfie[d] the elements of the crime of simple assault." *Id.* 207. Following a sentencing hearing, she entered a judgment imposing a sentence of time served and a $10 fine.[1]

Delis appealed his conviction to the United States District Court for the Eastern District of New York, arguing that an intent to injure is a required element of simple assault. The District Court rejected this argument. Noting that, at common law, an assault could be committed by means of a

---

[1] We note that the judgment erroneously states that Delis was convicted under 42 U.S.C. § 46504. As a result, and as is noted at the end of this opinion, we have determined that remand is appropriate for the purpose of correcting this error.

completed battery, which did not require an intent to injure, the court determined that conviction for simple assault pursuant to 18 U.S.C. § 113(a)(5) does not require a showing of any such specific intent. The District Court then affirmed Delis's conviction, relying in particular upon the Magistrate Judge's finding that Delis had possessed the intent to engage in an offensive touching.

**DISCUSSION**

The basic federal assault statute was initially enacted as part of a general overhaul of the federal criminal code in 1909. *See* Act of Mar. 4, 1909, ch. 321, § 276, 35 Stat. 1088, 1143 (criminalizing, *inter alia*, "[w]hoever shall assault another with intent to commit any felony," "[w]hoever shall unlawfully strike, beat, or wound another," and "[w]hoever shall unlawfully assault another"). It currently provides, in pertinent part, that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
> > (1) Assault with intent to commit murder, by imprisonment for not more than twenty years.
> >
> > (2) Assault with intent to commit any felony, except murder or [sexual abuse], by a fine under this title or imprisonment for not more than ten years, or both.
> >
> > (3) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by a fine under this title or imprisonment for not more than ten years, or both.
> >
> > (4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both.
> >
> > (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both . . . .

18 U.S.C. § 113(a); *see also* 49 U.S.C. § 46506(1) (extending the reach of § 113 to the "special

aircraft jurisdiction of the United States"). It is well established that the specific intent to injure is not an element of "[a]ssault by striking, beating, or wounding" under § 113(a)(4). *See United States v. Martin*, 536 F.2d 535, 535-36 (2d Cir. 1976) (per curiam). Delis argues, however, that the specific intent to injure or threaten *is* a required element of simple assault under § 113(a)(5). As this appeal presents a matter of statutory interpretation, which is purely a question of law, our review is *de novo*. *See United States v. Santos*, 541 F.3d 63, 67 (2d Cir. 2008).

As always, our analysis "'begins with the plain language of the statute.'" *Id.* (quoting *Universal Church v. Geltzer*, 463 F.3d 218, 223 (2d Cir. 2006)). Section 113(a)(5) criminalizes "[s]imple assault," a term grounded in the common law. Where, as here, a statute incorporates language with an accepted common-law definition, our construction of the statute is guided by that accepted meaning absent a clear contrary indication. *See United States v. Shabani*, 513 U.S. 10, 13 (1994). Given that the common-law crimes of battery and assault were closely interrelated, we consider it necessary to examine the traditional definitions of both crimes in construing § 113(a)(5).

At common law, the crime of battery consisted of "the unlawful application of force to the person of another," including an offensive touching. 2 Wayne R. Lafave, Substantive Criminal Law § 16.2, at 552 (2d ed. 2003); *see also* 3 William Blackstone, Commentaries on the Laws of England *120 (defining battery as "the unlawful beating of another" and noting that "[t]he least touching of another's person wilfully, or in anger, is a battery; for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it: every man's person being sacred, and no other having a right to meddle with it, in any the slightest manner"). Common-law battery did not require any specific intent either to injure or to touch offensively, but rather only a more general intent to commit the unlawful act or, indeed, mere recklessness or criminal

negligence. *See* 6A C.J.S. *Assault* § 85 (2008) (describing battery as a "general intent crime" that requires only "the intentional performance of an unlawful act" and noting that "[w]anton and reckless conduct may substitute for . . . intentional conduct"); 2 Lafave, *supra*, § 16.2, at 556 ("[B]attery may be committed by conduct amounting to criminal negligence which legally causes an injury."); Rollin M. Perkins, *Non-Homicide Offenses Against the Person*, 26 B.U. L. Rev. 119, 126 (1946) ("[T]he word 'battery' is applied to every punishable application of force to the person of another . . . . [C]onviction of battery can be supported by harm to the person resulting from criminal negligence."); *cf.* 2 James Fitzjames Stephen, A History of the Criminal Law of England 112-13 (1883) ("[I]n order that an act may amount to a crime the offender . . . must in all cases intend to do the act which constitutes the crime.").

By contrast, common-law assault consisted of either attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury and is often described as a specific intent crime. *See* 3 Blackstone, *supra*, at \*120 (defining assault as "an attempt or offer to beat another, without touching him: as if one lifts up his cane, or his fist, in a threatening manner at another; or strikes at him, but misses him")[2]; 2 LaFave, *supra*, § 16.3, at 565-66, 568 (describing assault as generally consisting of either "an attempted battery," which "requires an intent to commit a battery," or the deliberate causation of "reasonable apprehension of immediate bodily harm," which requires "intent to cause [such] a reasonable apprehension").

The distinction between assault and battery, however, has been regularly elided. The two

---

[2] We note that the passages of Blackstone quoted herein actually pertain to the common-law torts of assault and battery. Blackstone, however, expressly defined the crimes of assault and battery by reference to the private torts of the same name, noting that, in general, the same definitions are applicable in both contexts. *See* 4 William Blackstone, Commentaries \*216-17.

terms have often been used interchangeably. *See* 2 LaFave, *supra*, § 16.1, at 551 ("[T]he word 'assault' is sometimes used loosely to include a battery . . . ."); Perkins, *supra*, at 119-20 & n.1 ("It is not uncommon to detail the facts constituting a battery in speaking of an assault . . . ."); *see also Beausoliel v. United States*, 107 F.2d 292, 296-97 (D.C. Cir. 1939) (concluding that the common-law definition of assault included a completed offensive sexual touching regardless whether the perpetrator acted with intent to injure). Additionally, even as a formal matter, a battery has generally been considered to constitute the successful completion of, and therefore necessarily to include, an assault. *See* Perkins, *supra*, at 119-20 ("A battery includes an assault. . . . Hence a defendant may be convicted of assault although the evidence shows also a battery."); *see also People v. Heise*, 20 P.2d 317, 318 (Cal. 1933) ("Battery includes assault; in fact, battery is a consummated assault. Assault is, therefore, necessarily included in battery."); *State v. Hefner*, 155 S.E. 879, 880-81 (N.C. 1930) (discussing a statute criminalizing "assault[] . . . inflict[ing] serious injury not resulting in death" and noting that, although "[a]n 'assault' is an offer or attempt by force or violence to do injury[,] . . . every battery includes an assault [and] an assault inflicting serious injury necessarily implies a battery"). Even at common law, then, a completed battery, performed with only a general intention to perform the unlawful act or even mere criminal negligence, also constituted an assault. Careful examination of the common-law definition of assault therefore supports the conclusion that simple assault, as used in § 113(a)(5), includes completed common-law battery, which did not require a specific intent to injure.

We find further support for this interpretation of § 113(a)(5) in the broader statutory structure. Paragraphs (1) through (3) of § 113(a) each expressly require a particular specific intent. *See* 18 U.S.C. § 113(a)(1)-(3) (requiring respectively "intent to commit murder," "intent to commit

8

any felony," and "intent to do bodily harm"). By contrast, paragraphs (4) and (5) contain no such requirement. In *Martin*, this Court relied upon this distinction alone to conclude that § 113(a)(4) did not require that the perpetrator possess the specific intent to injure. *See* 536 F.2d at 535-36.

In addition, the federal criminal code lacks any statute analogous to § 113 referring expressly to battery. The other provisions of 18 U.S.C. § 113, the only statute within the federal criminal code to address either assault or battery in a general sense, speak only in terms of assault. Granted, § 113(a)(4), which criminalizes "[a]ssault by striking, beating, or wounding," plainly reaches some forms of battery.[3] Yet this section is restricted by its language to conduct involving particular acts of violence, specifically "striking, beating, or wounding." *Cf.* Webster's Third New International Dictionary of the English Language Unabridged 2262 (2002) (defining "strike" as, *inter alia*, "to deliver or aim a stroke, blow, or thrust"). As a result, it does not reach a wide variety of conduct traditionally encompassed within the definition of common-law battery, such as grappling, shoving, wrestling, offensive touching, or more subtle conduct such as poisoning, and therefore § 113(a)(4) is more reasonably interpreted as further proscribing a subset of the conduct also criminalized by § 113(a)(5). Because we find it exceedingly implausible that Congress intended to criminalize common-law assault, which was partially composed of attempted battery, but not battery itself, we conclude that § 113(a)(5) is more sensibly interpreted as criminalizing completed common-law battery, in addition to unsuccessful attempted battery and the intentional infliction of a reasonable apprehension of physical harm.

---

[3] We note that the originally enacted version of this prohibition did not use the term "assault," but rather punished "[w]hoever shall unlawfully strike, beat, or wound another." *See* Act of Mar. 4, 1909, ch. 321, § 276, 35 Stat. 1088, 1143.

As § 113(a)(4) and 113(a)(5) carry the same sentence, a statutory construction deeming § 113(a)(4) to criminalize merely a subset of the conduct criminalized by § 113(a)(5) would ordinarily be problematic as it would render § 113(a)(4) superfluous. *See United States v. Santos*, 128 S. Ct. 2020, 2028 n.6 (2008) (plurality opinion). The apparent superfluity created by this interpretation, however, did not arise under § 113 as originally enacted. The precursor to § 113(a)(5) carried a maximum sentence of only three months whereas the predecessor to § 113(a)(4) carried the current maximum sentence of six months. *See* Act of Mar. 4, 1909, ch. 321, § 276, 35 Stat. 1088, 1143. This difference in potential sentence was preserved through a significant reorganization of the federal criminal code. *See* Act of June 25, 1948, ch. 645, § 113, 62 Stat. 683, 689. The maximum sentence for a violation of § 113(a)(5) was raised to six months only by a 1994 amendment. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub L. No. 103-322, sec. 320101(c)(2), 108 Stat. 1796, 2108. In its original form, then, the predecessor to § 113(a)(4) afforded additional punishment to an evidently more serious subset of batteries and was in no way superfluous under the construction adopted here.

*United States v. Chestaro*, 197 F.3d 600 (2d Cir. 1999), on which Delis relies heavily, is also not contrary to our conclusion regarding the proper construction of § 113(a)(5). In *Chestaro*, this Court noted that the term "simple assault," as used in both 18 U.S.C. §§ 111 and 113(a)(5), "'embrace[s] the common law meaning'" of assault, 197 F.3d at 605 (quoting *United States v. Stewart*, 568 F.2d 501, 504 (6th Cir. 1978)), which it characterized as "'either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm,'" *id.* (quoting *United States v. Johnson*, 637 F.2d 1224, 1242 n.26 (9th Cir.

10

1980), *abrogated on other grounds by Schmuck v. United States*, 489 U.S. 705 (1989)). We further noted that "simple assault, . . . in accord with the common-law definition, does not involve touching." *Id.* at 606.

In *Chestaro*, however, this Court was considering only a void-for-vagueness challenge to § 111, which, at the time, prescribed different sentencing ranges for assaults on federal officials where the unlawful act "constitute[d] only simple assault," "all other cases" of assault on federal officials, and assaults on federal officials where the perpetrator "use[d] a deadly or dangerous weapon . . . or inflict[ed] bodily injury."[4] 18 U.S.C. § 111 (1994 & Supp. III 1997) (since amended). A sentencing provision is unconstitutionally vague "if [it] do[es] not state with sufficient clarity the

_____

[4] When *Chestaro* was decided, § 111 provided, in pertinent part:

(a) In general. – Whoever –

> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in [18 U.S.C. § 1114] while engaged in or on account of the performance of official duties . . .

> . . .

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

(b) Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 111 (1994 & Supp. III 1997) (since amended). Section 1114, in turn, designates as protected parties all "officer[s] or employee[s] of the United States or of any agency in any branch of the United States Government." *Id.* § 1114.

consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. 114, 123 (1979). The *Chestaro* Court was thus construing a different statutory provision for the sole purpose of addressing whether it delineated a sufficiently clear category of conduct rising above that constituting "only simple assault" but defined other than by the use of weapons or the infliction of bodily injury. The Court reasonably concluded that this category consisted of assault where contact was made.[5] *See Chestaro*, 197 F.3d at 605-06. The *Chestaro* Court was not called upon to determine whether conduct falling into this heightened category could also constitute simple assault.

Additionally, the use of the phrase "*only* simple assault" in § 111, *id.* (emphasis added), strongly suggests that conduct falling within the definition of the heightened category also constitutes simple assault. Section 111 contains no language suggesting otherwise. The *Chestaro* Court thus concluded only that conduct in which the perpetrator actually makes contact with the victim (a category of crimes that may also be described as common-law batteries) constitutes a class of assaultive behavior beyond simple assault alone for the purposes of § 111. *Chestaro* does not describe the proper construction of simple assault for the purposes of § 113. Moreover, it is best read as necessarily implying that the broad category of simple assault in *both* §§ 111 and 113 subsumes both common-law assault and common-law battery.

Finally, we note that our conclusion is in accord with the decisions of several of our sister Circuits interpreting simple assault, as used in § 113(a)(5), to encompass completed common-law battery which, as noted above, does not require a specific intent to injure. *See United States v.*

---

[5] This interpretation was expressly adopted by Congress in a recent amendment to § 111. *See* Court Security Improvement Act of 2007, Pub L. No. 110-177, sec. 208(b), 121 Stat. 2534, 2538.

*Lewellyn*, 481 F.3d 695, 697-99 (9th Cir. 2007) (concluding that simple assault includes spitting on another); *United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002) (holding that simple assault includes urinating on another); *United States v. Bayes*, 210 F.3d 64, 68-69 (1st Cir. 2000) (determining that simple assault includes unwanted sexual touching); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999) (same); *see also Keeble v. United States*, 412 U.S. 205, 213 (1973) (indicating that "an intent to commit *serious* bodily injury" is not an element of simple assault (emphasis added)).

**CONCLUSION**

We have considered all of Delis's contentions in this appeal and have found them to be without merit. For the reasons described herein, we conclude that completed common-law battery, including offensive touching, falls within the definition of the term "simple assault" as used in 18 U.S.C. § 113(a)(5). As common-law battery did not require specific intent to injure, we further conclude that conviction under § 113(a)(5) for conduct constituting common-law battery does not require any finding of specific intent to injure. As a result, the Magistrate Judge's finding that Delis possessed the intent to commit an offensive touching was entirely sufficient to support the judgment of conviction. The judgment of the District Court is accordingly **AFFIRMED**. We **REMAND** for the sole purpose of amending the judgment to indicate that Delis was convicted under 18 U.S.C. § 113(a)(5).