**IN THE UNITED STATES COURT OF APPEALS**
   **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2011

No. 10-51150

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REYNOLDO GONZALES
a/k/a Reynaldo Gonzales

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 5:10-CR-119-1

Before JONES, Chief Judge and DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant Reynoldo Gonzales appeals his conviction for "assault by striking, beating, or wounding" in violation of 18 U.S.C. § 113(a)(4). He was convicted in a bench trial by a Magistrate Judge, all of whose findings were upheld by the District Judge who affirmed the defendant's conviction. Gonzales was sentenced to three (3) months in federal prison and ordered to pay a fine. He timely appealed. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51150

## FACTS

The district court set forth the relevant facts in its order affirming the conviction:

Reynaldo Gonzales, hereinafter Appellant, was married to the Complainant, Jessica Gonzales. They had two children together: Megan Gonzales (Age 10) and Rey Lewis Gonzales (Age 7). The parties separated in 2004. The Atascosa County District Court rendered a child support order and visitation order on April 19, 2005. The parties briefly reconciled, but separated again in April, 2009.

On July 4, 2009, Complainant arrived at Appellant's home to visit her children, who at that time resided with Appellant. The child support order at issue is a standard possession order indicating that Appellant was entitled to exclusive possession of the children on the first, third and fifth weekends of every month, from Friday at 6:00 p.m/ until Sunday at 6:00 p.m. During periods of summer vacation from school, Appellant was also entitled to exclusive possession of the children, from 6:00 p.m. on July 1, 2009 until 6:00 P.m. on July 31, 2009. When Complainant arrived at Appellant's home, the parties' son entered her car and Complainant drove off.

On July 4, 2009, Appellant drove to the home of Complainant's brother on Fort Sam Houston Military Post to retrieve his son. When Complainant and the son arrive at Fort Sam Houston where Appellant was waiting, Appellant approached his son, grabbed his hand, and began leading him in the direction of the vehicle. Complainant attempted to stop Appellant by pushing him on the shoulder. Appellant responded by pushing Complainant against the vehicle located behind her. This impact left a dent in the rear panel of the vehicle. No further physical contact occurred between Appellant and Complainant. Appellant attempted to walk away.

Complainant's brother, Isaac Frias, approached Appellant and physically restrained him. Complainant continued to try to separate Appellant from the parties' son. Appellant and Mr. Frias physically fought for a period of time until military personnel

2

No. 10-51150

separated them.  Appellant sustained injuries requiring medical treatment as a result of the physical altercation.

## STANDARD OF REVIEW

Gonzales argues that the evidence was insufficient to support his conviction, for three reasons: (1) shoving his ex-wife into her car does not constitute "striking" her, as required by the statute; (2) his assault was justified by self defense, as his ex-wife initiated the altercation by pushing him first; and / or (3) his assault was justified by necessity, specifically his need to use force to prevent his ex-wife from taking their child from him when he had lawful custody of the child at the time.  As part of his third argument, Defendant also asserts the Magistrate Judge erred by refusing to admit the couple's custody order showing Defendant had (sole) visitation rights to the child the weekend of the crime.

Defendant moved for a judgment of acquittal at the close of the Government's case, and at the close of the evidence, asserting all of the grounds raised here.  Accordingly, he preserved all of these issues for review.  *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).  We will reverse the conviction only if a reasonable trier of fact could not conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  The evidence, both direct and circumstantial, is viewed in the light most favorable to the verdict.  *See United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).

## ANALYSIS

**I.  There was sufficient evidence to support the elements of the charged crime, 18 U.S.C. § 113(a)(4)**

3

No. 10-51150

Defendant was charged under 18 U.S.C. § 113(a)(4) with "assault by striking, beating, or wounding."[1]  The district court concluded Defendant's assault–where he shoved his wife into the front of her car forcefully enough to dent the car and bruise her–was not a beating or a wounding, but that it did constitute "striking."  The district court relied on the Merriam Webster definitions of "to strike" as either "to aim and usually deliver a blow, strike, or thrust" or "to come in contact forcefully [with]," and "to thrust" as "to push or drive with force."[2]  It concluded that Defendant aimed and delivered a forcible thrust to his ex-wife, which satisfied the statute's "striking" requirement.

Defendant disagrees.  He contended at trial and continues to assert here that a push is not a strike.  He argues his conduct is encompassed not by 18 U.S.C. § 113(a)(4)–the sole provision under which he was charged–but by 18 U.S.C. § 113(a)(5), which criminalizes "simple assault."  He cites *United States v. Delis*,[3] a Second Circuit case, in support of his position.  There, the court upheld a conviction for simple assault under 18 U.S.C. § 113(a)(5)[4] when the defendant pushed an airline attendant's "hand."  In affirming the conviction for

---

[1] 18 U.S.C. § 113. Assaults within maritime and territorial jurisdiction
(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

. . .
(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both.

[2] Merriam-Webster's Collegiate Dictionary (11th ed. 2010).

[3] 558 F.3d 177 (2nd Cir. 2009).

[4] 18 U.S.C. § 113. Assaults within maritime and territorial jurisdiction
(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

. . .
(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

simple assault, the court in dicta compared 18 U.S.C. § 113(a)(5) and §113(a)(4). It concluded that § 113(a)(4) "does not reach a wide variety of conduct traditionally encompassed within the definition of common-law battery, such as . . . shoving."[5]

Defendant raised *Delis* to the district court, which considered and rejected it.[6] We conclude that it was rational for the district court to find that pushing or thrusting a victim into an automobile with sufficient force to dent the vehicle and bruise the victim constitutes "striking." This conclusion comports with the plain meaning of the statute and the dictionary definition of the word "strike." Defendant's argument to the contrary is without merit.

## II. Self-Defense and Necessity

We conclude that the district court correctly rejected Gonzales' defenses of Self-Defense and Necessity.

In summary, the evidence fully supports the district court's conclusion that the force exerted by Gonzales was not "remotely equal" to the force applied by his ex-wife. Although she pushed the defendant on the shoulder, this single push did not justify the disproportionate force he used in response.

The district court also correctly rejected Defendant's necessity defense, which he argued applied because he was protecting his fundamental right to the possession of his child. However, as the district court held, Gonzales had a reasonable, legal alternative to violating the law–recourse to the courts, which are fully able to enforce a child custody order. The defendant's conduct therefore was not justified by the defense of necessity.

---

[5] *Id.*, at 181-82.

[6] *United States v. Gonzales*, 2010 WL 4736316, at *3 (W.D. Tex. 2010).

No. 10-51150

## CONCLUSION

For the reasons given above, and the reasons assigned in the district court's thorough order of November 16, 2010, we affirm the conviction.

AFFIRMED