*United States v. McKenzie*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

Present: ROBERT A. KATZMANN,
     *Chief Judge*,
   JOHN M. WALKER, JR.,
   DENNY CHIN,
     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

   v.        No. 14-1521-cr

DONOVAN McKENZIE,

    *Defendant-Appellant.*

_____

For Appellee:      Susan Corkery and Lara Treinis Gatz, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:  Herman Kaufman, Old Greenwich, CT.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Donovan McKenzie appeals from an April 21, 2014 Memorandum and Order entered by the United States District Court for the Eastern District of New York (Wexler, *J.*), which affirmed his conviction on one count of simple assault, in violation of 18 U.S.C. § 113(a)(5). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

McKenzie was adjudged guilty of simple assault by Magistrate Judge Lindsay in an oral decision on December 11, 2012 at the conclusion of a one-day bench trial. On July 16, 2013, Magistrate Judge Lindsay sentenced McKenzie principally to two years' probation and anger-management counseling. On August 13, 2013, McKenzie appealed his conviction to the United States District Court for the Eastern District of New York, contending only that his trial counsel rendered ineffective assistance. The district court affirmed his conviction, finding that McKenzie's trial counsel was not ineffective in failing to call an expert witness, who was to testify that the victim of McKenzie's assault, Allison White, had a pre-existing wrist injury.

We agree with the district court. Injury is not a required element of a simple assault, a term grounded in common law that encompasses a completed common-law battery, defined as "the unlawful application of force to the person of another, including an offensive touching." *United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009) (internal quotation marks omitted). A conviction for simple assault under section "113(a)(5) for conduct constituting common-law battery does not require any finding of specific intent to injure," *id.* at 184, let alone actual injury. Accordingly, evidence about White's pre-existing injury would have been irrelevant to

2

whether McKenzie's prolonged and forceful gripping of White's wrist was offensive. Indeed, Magistrate Judge Lindsay had already excluded, in response to a motion *in limine*, all such evidence if offered for purposes other than impeachment. Notwithstanding any injury that may have resulted, there was ample evidence received at trial to establish that McKenzie offensively touched White. In short, there is no merit to McKenzie's argument that "(1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Bunkley v. Meachum*, 68 F.3d 1518, 1521 (2d Cir. 1995) (citing *Strickland v. Washington*, 446 U.S. 668, 687 (1984)).

We have considered all of McKenzie's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
