**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

           v.

JEFFREY PAUL LEWELLYN,
           *Defendant-Appellant.*

No. 06-30185

D.C. No.
CR-05-06050-WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Submitted December 5, 2006*
Seattle, Washington

Filed March 7, 2007

Before: Betty B. Fletcher and M. Margaret McKeown,
Circuit Judges, and William W Schwarzer,** District Judge.

Opinion by Judge McKeown

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a).

**The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

## COUNSEL

Amy H. Rubin, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendant-appellant.

Thomas J. Hopkins, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

## OPINION

McKEOWN, Circuit Judge:

Jeffrey Paul Lewellyn appeals his conviction for simple assault under 18 U.S.C. § 113(a)(5) for intentionally spitting on a patient while on the grounds of the Veterans Administration Medical Center in Walla Walla, Washington. The issue

we consider is whether intentionally spitting on another person constitutes simple assault within the meaning of the statute. We hold that the statute encompasses such conduct under the theory of assault as an attempted battery. Accordingly, we affirm the conviction.

## FACTUAL BACKGROUND

Lewellyn was charged with committing simple assault within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7(3)[1] and 113(a)(5). The amended information charged Lewellyn under two alternative theories, namely that Lewellyn: (1) intentionally touched or made physical contact with a male patient in a patently offensive manner without justification or excuse, specifically by spitting on the male patient, or (2) intentionally threatened to inflict injury upon a male patient, and displaying an apparent present ability to do so, caused that male patient reasonable apprehension of immediate bodily harm.

According to the trial testimony, in the fall of 2004 the victim was visiting the Veterans Administration Medical Center to see a doctor. As he was leaving the hospital, he ran into Lewellyn. During their conversation the victim told Lewellyn that he had a prescription for Sudafed, which was dangerous for him to possess because he was a recovering drug addict who had previously used Sudafed to make methamphetamine. Lewellyn then asked the victim about the process for extracting ephedrine out of Sudafed. The victim, who was in a drug rehabilitation program and was concerned about relapsing,

---

[1]The incident took place on the grounds of the Veterans Administration Medical Center in Walla Walla, Washington, which is within the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 7(3); *United States v. Dixon*, 273 F.3d 636, 638 (5th Cir. 2001) (holding that crimes committed at a Veterans Affairs medical facility fall within federal jurisdiction under 18 U.S.C. § 7(3)).

reported this conversation to a counselor at the medical center. A month or so later, the victim, who was working on the hospital grounds, saw Lewellyn in a van and started talking to him. Lewellyn called the victim a snitch. The victim responded that "I don't feel it was right, you trying to get me to relapse, knowing that I want to stay clean," and then he called Lewellyn a "low-life piece of shit." The victim claims that Lewellyn got out of the van, walked toward him and looked like he was going to throw a punch at him. Instead, Lewellyn got right up in his face and spit on him.

The case was tried in a two-day bench trial before a magistrate judge. The magistrate judge found the following key facts, which are not disputed on appeal: During the incident in question, Lewellyn and the victim were standing within inches of one another; Lewellyn, intending to spit on the victim, attempted to do so and some spittle hit the victim in the face.

The magistrate judge found Lewellyn guilty of simple assault in violation of 18 U.S.C. § 113(a)(5) under the theory of assault as an attempt to commit a battery and declined to make any findings under the alternate theory of assault by threat of immediate bodily injury.[2] Lewellyn was sentenced to two years of probation, 50 hours of community service and a $10 special assessment.

## ANALYSIS

The statute in question, entitled "assaults within maritime and territorial jurisdiction," provides in relevant part:

> (a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows . . . (5) Simple

[2]Similarly, we need not address this alternate theory, despite the government's urging that we do so.

assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

18 U.S.C. § 113(a)(5).[3]

**[1]** Because § 113 does not define "assault," we have adopted the common law definitions:[4] (1) "a willful attempt to inflict injury upon the person of another," also known as "an attempt to commit a battery," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976); *see also United States v. Juvenile Male*, 930 F.2d 727, 728 (9th Cir. 1991) (same).[5]

In affirming Lewellyn's conviction under the first theory—assault as an attempt to commit a battery—the district court

---

[3]In 1994, § 113 was renumbered so that the introduction became paragraph (a), and previous paragraphs (a) through (f) became subsections (1) through (6). *See* Violent Crime Control and Law Enforcement Act of 1994 Pub. L. No. 103-322 § 170201(c)(4)-(6). Thus, "simple assault," formerly codified at § 113(e), was renumbered as § 113(a)(5).

[4]*See United States v. Turley*, 352 U.S. 407, 411 (1957) ("[W]here a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning."); *see also Morrissette v. United States*, 342 U.S. 246, 263 (1952).

[5]Nearly all of the other circuits apply these same common-law definitions of assault. *See, e.g.*, *United States v. McCulligan*, 256 F.3d 97, 103-04 (3d Cir. 2001); *United States v. Ashley*, 255 F.3d 907, 911 n.4 (8th Cir. 2001); *United States v. Bayes*, 210 F.3d 64, 68 (1st Cir. 2000); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999); *United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999); *United States v. Calderon*, 655 F.2d 1037, 1038 (10th Cir. 1981); *United States v. Bell*, 505 F.2d 539, 540 (7th Cir. 1974); *Shaffer v. United States*, 308 F.2d 654, 655 (5th Cir. 1962).

defined simple assault as "physical contact that is done in a patently offensive manner without justification or excuse." We review de novo this interpretation of the statute. *United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc).

Lewellyn argues that it would be an extension of Ninth Circuit law to include "spitting" among the conduct prohibited under the theory of simple assault as an attempt to commit a battery. The government counters that an unwanted, offensive touching—such as spitting on another person—is encompassed within the definition.

**[2]** Under the common law, "an assault is an attempted battery and proof of a battery will support conviction of an assault." *Dupree*, 544 F.2d at 1052. Thus, a defendant may be convicted of assault if he commits "a willful attempt to inflict injury upon the person of another." *Id.* at 1051. The *mens rea* requirement is that the volitional act be willful or intentional; an intent to cause injury is not required. *United States v. Skeet*, 665 F.2d 983, 986-87 (9th Cir. 1982). Neither is a showing of fear on the part of the victim required under this theory of assault. *Id.* at 987.

**[3]** At common law, battery did not require intent to injure, only that the offensive touching was willful. As Blackstone observed:

> The least touching of another's person willfully, or in anger, is a battery; for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stages of it: every man's person being sacred, and no other having a right to meddle with it, in any the slightest manner.

WILLIAM BLACKSTONE, 3 BLACKSTONE'S COMMENTARIES 120 (Rothman Reprints reprint 1969) (St. George Tucker ed. 1803).

**[4]** The cases determining the scope of § 113(a)(5) are consistent with Blackstone's description of battery. Even a seemingly slight, but intentional, offensive touching can suffice for a battery. For example, the First Circuit affirmed a defendant's conviction under § 113(a)(5) under the battery theory for intentionally touching a flight attendant on the buttocks. *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000). On appeal, the defendant argued that the government failed to prove that he intended to injure the victim by touching her buttocks. *Id.* at 67. The court disagreed, holding that intent to injure the victim was not required, but rather, "in a prosecution for simple assault under § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse." *Id.* at 69. The court reasoned that at common law, battery did not require the intent to injure, but only that the offensive touching was willful. *Id.* at 68-69. Because the touching was intentional and patently offensive, the court upheld the conviction. *Id.* at 69.

Even a bump from a chair may qualify as common law battery—and thus simple assault—according to the Eleventh Circuit. In *United States v. Williams*, the defendant, who worked in a computer center on an Army base, was accused of touching a minor child in a sexual manner. 197 F.3d 1091, 1092-93 (11th Cir. 1999). At trial the defendant testified that he merely bumped against the victim with his chair while she was using his computer; thus, he claimed that he was entitled to an instruction on simple assault under § 113(a)(5) as a lesser included offense of abusive sexual contact. *Id.* at 1093. The court of appeals concluded that refusal to give an instruction on simple assault was error because a jury could have found the alleged physical contact had not been sexual in nature, but merely a "willful offensive touching of another" which would constitute "common law battery (and, thus, § 113(a)(5) assault)." *Id.* at 1096. *See also United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002) (affirming a conviction for simple assault under § 113(a)(5), where

defendant urinated on the face of a person who was sleeping and unaware of the conduct); *United States v. Patch*, 114 F.3d 131, 133 (9th Cir. 1997) (affirming defendant's conviction for simple assault where the district court concluded that defendant's push of a deputy sheriff to break free of his hold was an unlawful touching that satisfied the minimum requirements of § 113(a)(5)); *United States v. Smith*, 812 F.2d 161, 163-64 (4th Cir. 1987) (affirming conviction for simple assault under § 113(a)(5) where defendant grabbed a woman's wrist and arm to stop her from reviewing his trade show permit).

**[5]** As these cases demonstrate, noninjurious but intentional, offensive contact (even if relatively minor) satisfies the requirement for simple assault under the battery theory. Although the district court, referencing the indictment and citing *Bayes*, injected the term "patently" into the definition (as in "patently offensive"), this word was not part of the standard at common law nor do we believe it essential to the definition.[6] Nonetheless, as Lewellyn was charged with "patently offensive" conduct, we have no trouble concluding that the spitting here was patently offensive.

**[6]** As a matter of common sense, intentionally spitting in another person's face easily falls within the scope of an offensive touching. Although this precise issue has not been addressed under § 113(a)(5), spitting on a person has been held to constitute assault in violation of two other federal assault statutes. In *United States v. Masel*, the Seventh Circuit

---

[6]The notion of "patently offensive" speech or conduct is most familiarly found in First Amendment jurisprudence, employment cases and other limited contexts. *See, e.g., Miller v. California*, 413 U.S. 15, 24 (1973) (holding that a statute regulating obscene speech must be limited to works that depict or describe sexual conduct "which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value"); *Walker v. Thompson*, 214 F.3d 615, 626 (5th Cir. 2000) (concluding that patently offensive racist remarks in workplace supported Title VII hostile work environment claim).

affirmed under 18 U.S.C. § 351[7] the assault conviction of a defendant who spit in the face of a Congressman. 563 F.2d 322, 323-24 (7th Cir. 1977). The court held that under the battery theory, the "defendant willfully caused, by spitting, an offensive touching," which was sufficient to constitute an assault. *Id.* at 324.

The second reported spitting case arose under 18 U.S.C. § 111.[8] The First Circuit affirmed the conviction of a defendant for spitting in the face of an on-duty, in-uniform U.S. postal worker during a traffic incident. *United States v. Frizzi*, 491 F.2d 1231, 1231-32 (1st Cir. 1974). The court observed: "We do not think it could be ruled that spitting in the face is not forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' " *Id.* at 1232 (quoting § 111). Although spitting in one's face is minor, the court reasoned that "it is application of force to the body of the victim,

---

[7]Section 351, entitled "Congressional, Cabinet, and Supreme Court assassination, kidnapping, and assault; penalties" provides in relevant part:

> (e) Whoever assaults any person designated in subsection (a) of this section shall be fined under this title, or imprisoned not more than one year, or both; and if the assault involved the use of a dangerous weapon, or personal injury results, shall be fined under this title, or imprisoned not more than ten years, or both.

18 U.S.C. § 351(e).

[8]Section 111, entitled "Assaulting, resisting, or impeding certain officers or employees," provides in relevant part:

> (a) In general. Whoever — (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in [18 U.S.C. § 1114] while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111.

a bodily contact intentionally highly offensive," and thus assault within the meaning of § 111. *Id.*

**[7]** We agree with these courts that intentionally spitting on another person is an offensive touching that rises to the level of simple assault under the theory of assault as an attempted or completed battery. We therefore hold that intentionally spitting on another person falls within the ambit of "assault" under 18 U.S.C. § 113(a)(5).

**AFFIRMED.**