**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10124 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00918-CKJ-BPV-1 |
| v. | |
| ROBERT LEROY STODDARD, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Robert Leroy Stoddard, Jr. ("Stoddard") appeals his conviction for felony

assault on a federal officer involving physical contact under 18 U.S.C. § 111(a)(1),

arguing that the conduct at issue, intentionally spitting on a federal corrections officer

engaged in his official duties, amounts only to a simple assault punishable by a

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

maximum of one year's imprisonment, rather than a felony punishable by a maximum of eight years' imprisonment, because: (1) the government failed to prove actual physical contact between Stoddard and the officer; and (2) spitting is a mere simple assault offense under Ninth Circuit precedent. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A.     Statutory Text

The current version of § 111, under which Stoddard was convicted, creates three separate offenses: (1) misdemeanor simple assault and (2) felony assault involving physical contact or intent to commit another felony, both included under § 111(a); and (3) felony assault involving a deadly or dangerous weapon or bodily injury, included under § 111(b). 18 U.S.C. § 111; *accord United States v. Rivera-Alonzo*, 584 F.3d 829, 833 & n.2 (9th Cir. 2009). Congress's original goal in enacting § 111 "was to give 'maximum protection to federal officers[,]'" *United States v. Sommerstedt*, 752 F.2d 1494, 1497 (9th Cir. 1985) (emphasis added) (quoting *United States v. Feola*, 420 U.S. 671, 684 (1975)), from "the wrongful use of *any* force directed against them[,]" *id.*

Section 111(a) was amended as part of the Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008). Prior to amendment, § 111(a) included the current misdemeanor simple assault offense and a

2

felony offense subject to a maximum of eight years' imprisonment in "all other cases" not constituting simple assault or assault with a weapon or bodily injury under § 111(b). 18 U.S.C. § 111 (effective through Jan. 6, 2008).

However, as amended, § 111(a)(1) clearly dictates "that the line between misdemeanors and felonies is drawn at physical contact or acting with the intent to commit another crime[.]" *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010); *see also* 8 U.S.C. § 111(a)(1); *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008). Thus, while the amended statute does not define simple assault, it clarifies that for the purposes of § 111, an "assault, coupled with the presence of physical contact . . . is *not* simple[,]" and "[u]nder § 111(a), as amended, assaults are treated as felonies" as long as they involve physical contact or intent to commit another felony. *Chapman*, 528 F.3d at 1219 (internal citations omitted) (emphasis added). As such, *any* forcible assault against a federal officer involving physical contact, committed without the use of a dangerous weapon and not resulting in bodily injury, is a felony assault under § 111(a). *Rivera-Alonzo*, 584 F.3d at 833 & n.2.

**B.  Physical Contact**

Stoddard nonetheless argues that spitting does not rise to the level of a felony assault involving physical contact because it does not involve body-to-body touching. However, the plain statutory text does not require such contact; it merely requires

3

"physical contact." 18 U.S.C. § 111(a). *Cf. United States v. Ramirez*, 233 F.3d 318, 322 (5th Cir. 2000) (interpreting former § 111(a) "all other cases" assault provision to mean that "[*a*]*ny physical contact* [ ] by which a person 'forcibly assaults . . .' a federal officer in the performance of his duties but which does not involve a deadly weapon or bodily injury, falls into the" felony provision of subsection (a) (partial emphasis added)).

Further, as Stoddard concedes, spitting constitutes an offensive touching amounting to a common law battery where the spit makes contact with the victim. *See United States v. Lewellyn*, 481 F.3d 695, 699 (9th Cir. 2007) ("[I]ntentionally spitting in another person's face easily falls within the scope of an offensive touching."); *United States v. Masel*, 563 F.2d 322, 323-24 (7th Cir. 1977) (finding spitting an offensive touching because "[i]t is ancient doctrine that intentional spitting upon another person is battery."); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (spitting is "a bodily contact intentionally highly offensive," and therefore qualified as a "forcible assault, or more exactly, a battery" amounting to a felony offense under former version of § 111). Stoddard points to no authority, and the court finds none, distinguishing between "physical contact" and "offensive touching."

Additionally, other circuits, interpreting the pre-amendment "in all other cases" assault provision consistently with § 111(a)'s post-amendment language, have

4

determined that throwing bodily fluids or excrement onto a federal officer constitutes felony assault involving physical contact, rather than simple assault involving no bodily contact or touching, under an identical theory of assault as an attempted or completed battery. *See United States v. Martinez*, 486 F.3d 1239, 1245-46 (11th Cir. 2007) (spraying urine on federal corrections officer involved actual physical contact not resulting in bodily injury and not involving a deadly weapon, and therefore fell under § 111(a)'s felony assault provision, rather than its simple assault provision); *Ramirez*, 233 F.3d at 321-22 ("By hurling [a] urine-feces mixture onto Officer Griffin, Ramirez committed an assault *which involved physical contact*, but not a deadly weapon or bodily harm." (emphasis added)). Indeed, the Fifth Circuit noted that throwing human waste onto a corrections officer was "the very sort of physical but non-injurious assault contemplated by the 'all other cases' provision" of the pre-amendment § 111, which it construed to require physical contact like the current § 111(a). *Ramirez*, 233 F.3d at 322.

Spitting, like throwing urine or other bodily fluids, involves the type of non-injurious physical contact contemplated by § 111(a)'s felony provision. As such, Stoddard's spitting conduct amounted to a completed battery, which amply supported his conviction for an assault involving physical contact under this court's adoption of the common law theory of assault as an attempted battery. *Cf. Lewellyn*, 481 F.3d at

5

697-98 (Since "an assault is attempted battery . . . proof of a battery will support conviction of an assault" (internal quotations omitted)).

## C.    Spitting Is Not Confined to Simple Assault

Despite having conceded that spitting amounts to an offensive touching, Stoddard argues that this court's decision in *Lewellyn* definitively categorized spitting as a misdemeanor simple assault, rather than a felony assault.

In *Lewellyn*, we found that the defendant's actions in intentionally spitting on a patient at a VA hospital amounted to a simple assault under 18 U.S.C. § 113(a)(5), a statute similar and related to § 111.  481 F.3d at 696-99.  However, we did not hold that spitting may *only* be classified as a simple battery.  Lewellyn was only charged with simple battery, *id.* at 696, and § 113 did not contain any intermediate felony assault offense between simple assault and assault involving a deadly or dangerous weapon.  As such, it does not appear that Lewellyn could have been charged under any of the statute's other assault offenses sections.  *See* 18 U.S.C. § 113(a)(5).  Thus, *Lewellyn*'s holding was narrow and does not constrain our analysis here: the court merely determined that spitting was *sufficient* to sustain a conviction for simple assault under a theory of assault as an attempted battery.  481 F.3d at 698-99.

It is undisputed that Stoddard intended to and did spit at a federal officer engaged in his official duties, and that the spit actually hit the officer in the face.

6

Accordingly, Stoddard committed a forcible assault resulting in actual physical contact, *see* 18 U.S.C. § 111(a)(1), and the uncontested evidence sufficed to sustain the conviction, *see Lewellyn*, 481 F.3d at 698-99.

**AFFIRMED.**