
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50611 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00953-R-1 |
| v. | |
| MARTIN J. DIAMOND, AKA Martin Joel Diamond, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 10, 2011
Pasadena, California

Before: TROTT and M. SMITH, Circuit Judges, and MCNAMEE, Senior District
Judge.[**]

Martin Diamond appeals the district court's order requiring that he give a

DNA sample as a condition of his probation. Because the parties are familiar with

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen M. McNamee, Senior District Judge for the
District of Arizona, sitting by designation.

the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. We reverse.

Diamond's conviction for simple assault under 18 U.S.C. § 113(a)(5) is not a "crime of violence" and therefore is not a "qualifying Federal offense" under 42 U.S.C. §§ 14135a(a)(1)(B) and 14135a(a)(2). Section 14135a(d)(3) provides that a qualifying Federal offense includes, "as determined by the Attorney General[,] . . . [a]ny crime of violence (as that term is defined in section 16 of Title 18)." 42 U.S.C. § 14135a(d)(3). Although the implementing regulations list 18 U.S.C. § 113 as a "qualifying Federal offense," 28 C.F.R. § 28.2(b)(3)(i),we review de novo whether an offense qualifies under 18 U.S.C. § 16, and do not owe the Attorney General deference in making that determination. *Singh v. Ashcroft*, 386 F.3d 1228, 1230 (9th Cir. 2004); *see also Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc).

Diamond's conviction does not qualify as a "crime of violence" under either a categorical or modified categorical analysis. Simple assault under 18 U.S.C. §113 includes "noninjurious but intentional, offensive contact (even if relatively minor)." *United States v. Lewellyn*, 481 F.3d 695, 698 (9th Cir. 2007). However, a mere offensive touching is not categorically a crime of violence. *Ortega-Mendez v. Gonzalez*, 450 F.3d 1010, 1017 (9th Cir. 2006). Nor are the documents

2

presented by the government among the "'narrow, specified set of documents' that may be used in the modified categorical analysis" to establish that Diamond committed a crime of violence. *See Suazo Perez v. Mukasey*, 512 F.3d 1222, 1226 (9th Cir. 2008) (citation omitted).

We have considered the parties' remaining arguments, and find them unpersuasive.

**REVERSED.**