NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30237 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00151-WFN-1 |
| v. | |
| LEONA LOUISE SUTTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted May 7, 2013
Seattle, Washington

Before: THOMAS and NGUYEN, Circuit Judges, and DEARIE, District Judge.[**]

Appellant Leona Sutton appeals her conviction for assault with a dangerous

weapon in Indian Country, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3).

Specifically, she contends that the district court erred in refusing to instruct the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

jury on the lesser-included offense of simple assault under 18 U.S.C. § 113(a)(5).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"A defendant is entitled to an instruction on a lesser-included offense if the law and evidence satisfy a two-part test: (1) the elements of the lesser offense are a subset of the elements of the charged offense; and (2) the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit [her] of the greater." *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (internal citations and quotation marks omitted) (alterations in original). As the parties agree that simple assault is a lesser-included offense of assault with a dangerous weapon under 18 U.S.C. § 113(a)(3), the first part of this test is satisfied. Accordingly, we need only determine whether there was a sufficient evidentiary foundation to support a conviction of simple assault under Sutton's proposed theory.[1] *See United States v. Vaandering*, 50 F.3d 696, 703 (9th Cir. 1995).

_____

[1] Since § 113 does not define "assault," we have adopted the following two-pronged common-law definition: "(1) a willful attempt to inflict injury upon the person of another, also known as an attempt to commit a battery, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (internal citations and quotation marks omitted).

Here, Sutton sought to instruct the jury that she could be found guilty of the lesser-included offense of simple assault if the government proved beyond a reasonable doubt that she assaulted Raymond Peone by intentionally using a display of force that reasonably caused him to fear immediate bodily harm. We recently noted that "for a criminal assault based on causing the apprehension of imminent bodily injury, the common law requires awareness of the threat." *United States v. Acosta-Sierra,* 690 F.3d 1111, 1121–23 (9th Cir. 2012) (holding that the defendant's rock-throwing did not constitute assault under a common-law "reasonable apprehension of harm" theory because the intended victim "did not become aware of the threat until after it had dissipated"). Resolution of this appeal therefore turns on whether there is evidence suggesting that Peone was subjectively aware that Sutton was pointing a rifle at him, such that he reasonably apprehended immediate bodily harm.

The record here contains no such evidence. In fact, Peone's testimony refutes Sutton's theory of simple assault. To wit, Peone testified that he was not concerned when Sutton angrily stormed out of the house and subsequently re-entered through the back; that he did not see her gun until after she shot him;

and that he never felt threatened by her, given the closeness of their relationship.[2]

Accordingly, because there is no evidence showing that Sutton's conduct caused Peone to apprehend immediate bodily harm—a necessary element of Sutton's proposed simple assault instruction—we hold that the district court did not abuse its discretion in refusing to provide a lesser-included offense instruction.

**AFFIRMED.**

---

[2] During oral argument, Appellant's counsel pointed to one instance on cross-examination where Peone testified that he "actually, didn't see her—see it—the gun all the way." Although this *could* suggest that Peone had partially seen the gun, it is unclear how much of the gun he might have seen, or when he saw it. Moreover, the totality of the evidence in the record dispels this notion entirely. Peone had previously testified on direct that he was watching bull riding when Sutton came in and "actually, didn't even see the rifle." He later confirmed that he "never seen [sic] her shoot me[,]" and suggested that the other two individuals in the room had "seen more than [he] did."

Thus, we cannot find that the district court abused its discretion in denying the instruction on this basis.