NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellant,

　v.

GILBERT MARTINEZ JOSE,

　　　　Defendant-Appellee,

No. 22-10005

D.C. No. 4:19-cr-02313-CKJ-MSA-1

MEMORANDUM*

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

　v.

GILBERT MARTINEZ JOSE,

　　　　Defendant-Appellant,

No. 22-10183

D.C. No. 4:19-cr-02313-CKJ-MSA-1

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 9, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,**
District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

After a jury trial, Defendant Gilbert Jose was convicted of four counts: (1) voluntary manslaughter, 18 U.S.C. § 1112; (2) assault with a dangerous weapon, 18 U.S.C. § 113(a)(3); and (3) & (4) discharging a firearm in furtherance of a crime of violence (respectively, Counts 1 and 2), 18 U.S.C. § 924(c). The Government appeals the dismissal of Count 3 after trial, and Jose appeals his conviction on Counts 2 and 4. We affirm in part, reverse in part, and remand.

1. The district court did not err in refusing to instruct the jury, with regard to Count 2, on the lesser-included offense of simple assault. A "defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973). That standard was not met.

Because the victim, I.O., testified that she did not apprehend immediate bodily harm at the time of the shooting, the only theory of assault presented to the jury was attempted-battery assault—*i.e.*, that Jose "willful[ly] attempt[ed] to inflict injury" upon I.O. *United States v. Dat Quoc Do*, 994 F.3d 1096, 1099–100 (9th Cir. 2021) (describing the two alternative theories of "assault" under the statute). Under an attempted-battery theory, simple assault is a general intent crime that does not require a specific intent to cause bodily injury. *See United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (stating that the "*mens rea* requirement" for simple assault "is that the volitional act be willful or intentional;

1

an intent to cause injury is not required"). But assault with a dangerous weapon is a specific intent crime that requires that a defendant act with "intent to do bodily harm." *Dat Quoc Do*, 994 F.3d at 1099–1100. Here, the Government's theory of assault was that Jose willfully shot seven bullets. Thus, the only way that Jose could have committed attempted-battery simple assault on these facts would have been by attempting to hit I.O. with a bullet. Logically, there is no way that Jose could have had the general intent to hit I.O. *with a bullet* without also having the specific intent to inflict bodily injury. *Cf. Lewellyn*, 481 F.3d at 698 (holding that, in cases involving a "relatively minor" and "noninjurious but intentional, offensive contact," simple assault could be found without an intent to do bodily harm).

2. We reject Jose's challenge to the jury instructions for Count 2. We review "the wording of jury instructions for an abuse of discretion, but review de novo whether jury instructions omit or misstate elements of a statutory crime or adequately cover a defendant's proffered defense." *United States v. Kaplan*, 836 F.3d 1199, 1214 (9th Cir. 2016) (simplified). As we have explained, because there was no evidence that I.O. feared bodily harm at the time of the shooting, the evidence did not support a theory of assault based on a "reasonable apprehension of immediate bodily harm." *Dat Quoc Do*, 994 F.3d at 1100. The court therefore did not err in withholding an instruction based on that theory and in instructing the jury only as to attempted-battery assault. And given the alternative theories of

2

assault covered by § 113(a)(3), that statute does not require that I.O. have been wounded or to have feared imminent bodily harm.

3. The district court did not err in denying Jose's motion for acquittal on Count 2. We view "the evidence in the light most favorable to the government and determine[] whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (simplified). I.O.'s testimony supported the conclusion that Jose walked past I.O., turned around, said "What's up, fool," and fired his gun from a range of around 15 to 20 feet in the early morning darkness. Although Jose introduced evidence that he told police investigators that he only fired "towards" I.O. to scare her, but not "at" her, a rational jury could disbelieve this statement.

4. The district court did not err in denying Jose's motion to impeach I.O. by asking her about the facts underlying her pending criminal charges. These charges were for "one count of fraudulent scheme and fifteen counts of false statement." However, Jose only proffered an arrest warrant listing the charges, without any specific facts about the conduct underlying those charges. Thus, Jose presented no foundation for his proposed questioning of I.O. about the underlying conduct. *See United States v. Davenport*, 753 F.2d 1460, 1464 (9th Cir. 1985). As mere accusations, the charges and warrant themselves were properly excluded.

5. The district court did not abuse its discretion in sustaining the Government's objection to Jose's attempt to cross-examine I.O. about her prior conviction. On direct examination, the Government merely asked I.O. about the date of that conviction and the general nature of the offense (endangerment due to driving under the influence). The district court permissibly concluded that, under Federal Rule of Evidence 609, Jose could not proceed to ask I.O. whether she had been "charged with driving on a suspended license and [if her] blood alcohol [content] was a 0.30." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) ("[E]vidence of a prior conviction admitted for impeachment purposes [generally] may not include collateral details and circumstances attendant upon the conviction." (citation omitted)).

6. The district court did not abuse its discretion in refusing Jose's request for an adverse inference instruction. Jose requested an instruction that "[i]f you find that the government *intentionally* lost, destroyed or failed to preserve evidence . . . you may infer . . . that this evidence was unfavorable to the government" (emphasis added). There was no evidentiary foundation for the requested instruction because the record showed only that the crime scene photos had been lost due to *unintentional* technical errors.

7. The district court must reinstate Count 3, because Count 2 is a crime of violence. In *United States v. Begay*, 33 F.4th 1081, 1091–93 (9th Cir. 2022) (en

4

banc), we held that second-degree murder requires, at minimum, a "depraved heart" mental state—*viz.*, killing "recklessly with extreme disregard for human life"—and that acting with such indifference satisfies the statutory definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A). In *United States v. Draper*, 84 F.4th 797, 807 (9th Cir. 2023), we reached a similar conclusion as to voluntary manslaughter. Here, the jury found that Jose committed voluntary manslaughter by killing "recklessly with extreme disregard for human life." *Begay* and *Draper* apply retroactively to Jose, as his case is still on direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Under de novo review, we hold that the retroactive application of *Begay* and *Draper* would not violate the Due Process Clause because these cases were neither "unexpected" nor "indefensible" by reference to existing law at the time of Jose's offenses in September 2018. *See Webster v. Woodford*, 369 F.3d 1062, 1066–67 (9th Cir. 2004).

We reverse the district court's dismissal of Count 3, affirm in all other respects, and remand for resentencing. *See Troiano v. United States*, 918 F.3d 1082, 1087 (9th Cir. 2019) (describing the district court's discretion "when one or more counts of a multi-count conviction are undone").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**